(21 App. Div. 466.)

HALSTED v. HALSTED et al.

(Supreme Court, Appellate Division, First Department.   October 22, 1897.)

1. EQUITY—DECREE FOR ALIMONY—ENFORCEMENT.
    In an action for divorce brought by the husband, orders were entered requiring him to pay certain sums for alimony pendente lite. Upon his failure to comply, the wife brought an action in equity to reach the surplus of a trust fund created for his benefit, and for an injunction.  Held that, even assuming that the right to maintain such an action would lie upon such an award, the right would depend upon plaintiff's having exhausted the ordinary remedies for enforcing the order.

2. EXECUTION—ALIMONY.
    The statute (Code Civ. Proc. § 779) relating to the issue of execution after nonpayment of money directed by an order to be paid applies to an order for alimony pendente lite.

Appeal from special term.

Suit by Sarah B. Halsted against James M. Halsted and others. From an order denying motion for injunction, plaintiff appeals.   Affirmed.

In an action brought by Charles S. Halsted against his wife, for divorce, a decree was entered in his favor, but was reversed on appeal, and a new trial

granted, but up to the commencement of the present action there had been no new trial. Before the reversal the wife procured an order directing him to pay a specified sum for expenses of her appeal, and after the reversal she procured an order directing him to pay a specified amount for back alimony, $275 a month alimony pendente lite, and her counsel fee. Both orders were served on his attorney, but were not complied with. The present action was thereafter instituted by the wife, to reach the surplus income of certain trust funds created for the benefit of the husband, and for an injunction restraining the trustees from paying to him, and him from receiving, more than $50 a month, and the present motion was made for an injunction pendente lite. The complaint alleged, on information and belief, that Charles S. Halsted left the state with intent to evade service; that personal service on him could not be secured; and that he had no property which could be subjected to sequestration proceedings in said action for divorce.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

H. D. Hotchkiss, for appellant.

Edgar J. Nathan and M. George L. Shearer, for respondents.

PATTERSON, J. The motion for an injunction was properly denied, and for the reason that the plaintiff was not in a situation to institute this action, which was evidently brought upon the supposed authority of Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169. The ground upon which that case proceeded was that the plaintiff was entitled to maintain a creditor's action to reach the surplus of the trust fund in the hands of the trust company, and it appeared that the plaintiff there had exhausted all the remedies given by the Code to obtain payment of the alimony awarded on the final judgment. Assuming, without deciding, that the right to maintain an action of this character would lie upon an award of alimony made by a binding order, still that right would depend upon the plaintiff's having exhausted the ordinary remedies for the enforcement of the order, which was, manifestly, not done in this case. Sequestration proceedings were not resorted to, and, further than that, no execution was issued. The right to issue the execution existed. Section 779 of the Code of Civil Procedure enacts that where a sum of money is directed by an order to be paid, if it is not paid within the time fixed by the order, or within 10 days after the service of the order, an execution against the personal property of the party required to pay the same may be issued by any party or person to whom the same is payable by the terms of the order. The plaintiff, therefore, did not exhaust the remedies open to her, and consequently cannot maintain a creditor's action.

The order appealed from should be affirmed, with costs. All concur.