### WEBER v. WEBER.

(Supreme Court, Appellate Division, First Department.   April 8, 1904.)

1. EXECUTION—ORDER—SUIT FOR SEPARATION.
   Code Civ. Proc. § 779, authorizing an execution for the enforcement of an order directing the payment of "costs of a motion, or any other sum of money," does not authorize an execution to enforce an order made under sections 1769 and 1771 for support of the wife, and care and maintenance of the children, pending a suit for separation or divorce, for the enforcement of which, by sequestration or contempt proceedings, special provision is made by sections 1772 and 1773.

2. SAME—SUPPLEMENTARY PROCEEDINGS.
   Code Civ. Proc. § 2435, providing for proceedings supplementary to an execution, returned unsatisfied, issued on an order or judgment, does not authorize supplementary proceedings where the execution was issued on an order for support of the wife and children pending an action for divorce or separation; the statute not authorizing an execution in such a case.

Appeal from Special Term, New York County.

Action by Mildred Rose Weber against Charles Weber for a separation.   From an order denying a motion to vacate an order for examination of defendant in proceedings supplementary to execution, he appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Abraham Levy and Henry W. Unger, for appellant.
George Robinson, for respondent.

INGRAHAM, J.   This action was brought for a separation, and the defendant was ordered to pay to the plaintiff $5 a week for her support during the pendency of the action.   This order was duly served upon the defendant, who failed to comply with its direction, so that on the 16th day of December, 1902, there was due thereunder the sum of $146.11.   The action was brought on for trial, and on the 16th day of December, 1902, a decision was filed directing a dismissal of the complaint, and on the same day judgment thereon was entered. Subsequently, on the 4th of November, 1903, an execution was issued

¶ 2. See Divorce, vol. 17, Cent. Dig. § 739.

to the sheriff of the county of New York to enforce this order, which was returned unsatisfied. Thereupon the plaintiff obtained an order for the examination of the defendant in proceedings supplementary to execution under section 2435 of the Code of Civil Procedure. That section provides that:

"At any time within ten years after the return, wholly, or partly unsatisfied, of an execution against property, issued upon a judgment, as prescribed in section twenty-four hundred and fifty-eight of this act, or, in case of an order, issued in the same manner so far as the provisions of said section can be applied in substance, the creditor under such judgment or order, upon proof of the facts, by affidavit or other competent written evidence, is entitled to an order, requiring the debtor under the judgment or order, to attend and be examined concerning his property, at a time and place specified in the order."

To entitle a party seeking to enforce an order directing the payment of a sum of money to institute a proceeding under this section, he must have been authorized by the Code to issue an execution to enforce such order. The only provision in the Code which allows an execution to be issued to enforce an order is contained in section 779, which provides that:

"Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid, * * * an execution against the personal property only of the party required to pay the same, may be issued by any party or person to whom the said costs or sum of money is made payable by said order. * * * But nothing herein contained shall be so construed as to relieve a party or person from punishment as for contempt of court for disobedience to an order in any case when the remedy of enforcement by such proceedings now exists."

The order here referred to is one specifically directing the payment of "costs of a motion, or any other sum of money." The order here sought to be enforced was granted under section 1769 of the Code of Civil Procedure, which provides that:

"Where an action is brought, as prescribed in either of the last two articles, the court may, in its discretion, during the pendency thereof, from time to time, make and modify an order or orders, requiring the husband to pay any sum or sums of money, necessary to enable the wife to carry on or defend the action, or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties"—and section 1771, which provides that: "Where an action is brought by either husband or wife, as prescribed in either of the last two articles, the court must * * * give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions, as justice requires, between the parties, for the custody, care, education and maintenance of any of the children of the marriage, and where the action is brought by the wife, for the support of the plaintiff."

The court, by these two sections, is given power to order the husband to make suitable provision for the support of the wife and children, and orders are to be made from time to time, as shall be necessary, to secure that object; and by subsequent sections of the Code ample provision is made to give effect to such orders. Thus section 1772 of the Code of Civil Procedure provides that where an order requires the husband to provide for the education or maintenance of any of the children of the marriage, or for the support of his wife, the court may, in its discretion, require him to give reasonable security, and, if he fails to give it, or to make any payment required by the

terms of such a judgment or order, or to pay any sum of money which he is directed to pay by an order made as prescribed in section 1769 of the Code of Civil Procedure, the court may order his personal property and the rents and profits of his real estate to be sequestrated, and may appoint a receiver thereof. The rents and profits and other property so sequestrated may be from time to time applied, under the direction of the court, to the payment of any of the sums of money specified in this section, as justice requires. Section 1773 provides that where the husband makes default in paying any sum of money specified in such an order, and it appears to the satisfaction of the court that payment cannot be enforced by means of sequestration proceedings, the court may enforce the order by proceedings in contempt.

Considering section 779 in connection with the provision in relation to orders in actions for a divorce or separation, it would appear that it was not intended to include those orders within the scope of section 779, and that a proceeding to enforce an order in an action for divorce or separation providing for the support of the wife and children must be in accordance with the special provisions for making effectual such an order. An order for the support of a wife and children is not an order which simply directs the payment of a sum of money. Maintenance and support may involve the payment by the husband of various sums of money at various times necessary to accomplish that purpose. Section 779 of the Code was intended to apply to an order directing the payment of a sum of money, the provisions of which order will be satisfied upon payment being made as in the case of a judgment for a sum of money, where the payment of the amount specified satisfies the judgment. It was recognized that, where a husband is required to make payments from time to time for the support of his wife and children, enforcement of such an order by execution under section 779 of the Code of Civil Procedure would be ineffectual, and special procedure was authorized which would accomplish the purpose of such an order; and, that proceeding having been prescribed, it would seem to follow that the enforcement of the order must be in accordance with it. We think, therefore, that an execution, under section 779 of the Code of Civil Procedure, to enforce the order requiring the defendant to pay for the maintenance of his wife, was not authorized, and this proceeding cannot be maintained.

It follows that the order appealed from must be reversed, and the order for the examination of the defendant vacated, without costs. All concur.