(115 App. Div. 405)

WOOLWORTH v. WOOLWORTH.

(Supreme Court, Appellate Division, First Department.   November 5, 1906.)

1. DIVORCE — ACTION FOR SEPARATION — JURISDICTION — HUSBAND LEAVING
    STATE.
        Where a husband, having failed to obtain a divorce, went to another
    state to seek the aid of its courts for such purpose, an action for sepa-
    ration, commenced by the wife about a month thereafter, was properly
    brought in the court of the original domicile.
        [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 218–
    220, 208, 211.]

2. SAME—ORDER TO PAY ALIMONY—SERVICE—CONTEMPT.
        Proper service in an action for separation properly commenced within
    the state was had on the husband without the state.   An order provid-
    ing for temporary alimony and attorney's fees was also properly served
    on him without the state, and on his attorney of record, who had pre-
    sented a defense for him.   Similar personal service by certified copies
    was also made on him without the state, and on his attorney, of an or-
    der to show cause why he should not be punished for contempt in fail-
    ing to pay the alimony and attorney's fees for which proper demand had
    been made.   Held sufficient to give the court jurisdiction to punish for
    contempt by an order for a fine, and imprisonment in case the fine was not
    paid.
        [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, §§ 591–
    593.]

3. SAME—PUNISHMENT—DEMAND FOR PAYMENT.
        A fine for failure to pay a weekly sum ordered as alimony in separa-
    tion proceedings, and an attorney's fee, must be limited to the attorney's
    fee and the amount of alimony due under the order when demand was
    made therefor.
        [Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Divorce, § 758.]

Appeal from Special Term, New York County.

Arnold L. Davis, for appellant.
Alexander S. Bacon, for respondent.

CLARKE, J.   The plaintiff and the defendant intermarried at the
city of Troy, in the state of New York, on the 27th day of May,
1897.   Both of the parties were born in the state of New York and
resided and were domiciled in the city of New York.   In January,
1903, the defendant brought an action in the Supreme Court in the
county of New York against his wife, the plaintiff herein, for an
absolute divorce.   In said action a verdict was rendered by the jury
in favor of the wife on March 16, 1904, and judgment was entered
thereon on April 7, 1904.   On the day on which said verdict was
rendered, the defendant herein left the city of New York, where
he had theretofore resided, and went to the state of South Dakota.
This action for a separation was begun by the plaintiff herein on

May 7, 1904, by the issuance of a summons and complaint, and an attempt was made to serve the defendant in the state of New York, but he could not be found; but good service of the summons, complaint, order of publication, and order of filing required by law was made upon the defendant at Sioux Falls, S. D., on September 17, 1904, two days before the defendant had been six months in South Dakota. On or about September 21, 1904, the defendant began an action against his wife in the state of South Dakota for an absolute divorce on the ground of desertion, and obtained therein a judgment by default, and set up the said South Dakota decree as a defense in this action. On the 26th day of January, 1905, an order was made at Special Term in the county of New York in the action at bar, the defendant having appeared in such proceeding by an attorney and having filed affidavits in opposition, which order directed the defendant to pay to the attorney for the plaintiff, within 20 days after a service of a copy of the order, a counsel fee of $150, and to the plaintiff, through her attorney, the sum of $10 per week as alimony pending this litigation from the 17th day of September, 1904. A certified copy of this order was served on the defendant at Sioux Falls, S. D., and another certified copy of the same order was served on him at Boston, Mass., on August 16, 1905, and another duly certified copy of the same order was served on the defendant at Boston, Mass., on the 21st day of September, 1905.

It appears by the affidavit of the attorney for the plaintiff, through whom the said order of January 26, 1905, directed the defendant to pay the sum of $10 per week as alimony to the plaintiff, that on the 21st day of September, 1905, at the city of Boston, Mass., he demanded from the defendant payment of the alimony and counsel fee under said order, and defendant declared that he would not pay the same in any circumstances whatever; that the defendant further declared to him at said time that his headquarters were then in Boston, and that it was not his purpose to return to New York as long as these matters were pending, and that he had no property in New York, and that it would do plaintiff no good to get a judgment therein. Thereafter the trial of the separation action came on, the defendant appearing by his attorney, and resulted in a decree of the Special Term of this court in favor of the plaintiff against the defendant. From said decree the defendant took an appeal to this court by the same attorney who represented him upon the trial, and in the proceedings leading up to the granting of the order for alimony pendente lite, and in the proceedings thereafter leading up to the order here appealed from, and in the proceedings in this court, which appeal is still pending. After the entry of said decree, and on the 25th day of May, 1906, an order to show cause was granted by the Special Term, returnable on the 31st day of May, 1906, why the defendant should not be punished for his contempt in refusing after demand to pay the alimony and counsel fee required by the said order of January 26, 1905, and in said order it was provided that service of a copy of said order on the defendant without the state and on defendant's attorney should be sufficient. Said or-

der to show cause was served on the defendant personally at Boston, Mass., on the 26th day of May, 1906, and upon the return of said order the defendant submitted in opposition thereto the affidavit of his attorney and his own affidavit, in which he states, inter alia:

"That he has read the motion papers on a motion for allowance of counsel fee herein, and on a motion brought on by an order to show cause to punish the defendant for contempt herein, heretofore served upon the defendant's attorney in New York City."

He does not, in said papers, deny the service upon him either in South Dakota or in Massachusetts of the three certified copies of the order providing for the payment of alimony pendente lite, nor does he anywhere deny the averments in the affidavit of the plaintiff's attorney of a demand made upon him on the 21st day of September, 1905, for the payment of alimony and counsel fee under said order, nor does he deny that to said demand he declared that he would not pay the same in any circumstances whatever. Thereafter the order appealed from herein was made on the 30th day of July, 1906, by which it was adjudged:

"That the defendant has been guilty of contempt of this court in having refused and neglected to pay to the plaintiff $10 per week alimony from September 17, 1904, to January 17, 1906, awarded by the order filed as aforesaid on January 26, 1905, to wit, $700, being 70 weeks, at $10 per week, and having refused and further neglected to pay plaintiff's attorney $150 counsel fee as awarded by the aforesaid order."

And, the court having ascertained and determined that the defendant had "failed to pay the said alimony and counsel fee as aforesaid, and sequestration proceedings would prove futile and that such misconduct so complained of has defeated, impaired, impeded, and prejudiced the rights and remedies of the plaintiff in this action," it was ordered:

"That the defendant is guilty of a contempt of court, and for the contempt aforesaid be, and he is hereby, fined in the sum of $850, which said sum he is hereby ordered and directed to pay to the plaintiff, or her attorney of record, for her use and benefit, within ten days after service upon said defendant, or his attorney of record, of a copy of this order, with notice of entry thereon."

It was further ordered that, in default of said payment, plaintiff should be entitled, upon proof thereof, to an order directing the defendant to be imprisoned by the sheriff until the said sum should be paid. From so much of said order as adjudges the defendant in contempt, and provides punishment therefor, the defendant appeals.

It is claimed by the appellant that, in order to give the court jurisdiction, it was essential that the order to show cause should be served upon the defendant personally within this state. The point is not well taken. At the commencement of this matrimonial litigation it is conceded that the state of New York was the state of matrimonial domicile, and that both parties actually resided and were domiciled within the county of New York, and the defendant in his action against his wife asserted such facts and invoked the jurisdiction of the courts of this state. Immediately upon the rendition of

an adverse verdict, and before judgment was entered thereon, he left the state, as it appears from the papers herein, for the deliberate purpose of seeking the courts of another jurisdiction wherein he might succeed, although defeated here. He did not, by such fictitious residence, destroy the jurisdiction of the courts of this state over the matrimonial status, and the action of the wife was therefore properly begun in the same tribunal whose jurisdiction the husband had invoked as against her. The courts of this state obtained jurisdiction over him in the suit for separation by publication and service without the state in the manner provided by law. The personal service of the certified copies of the order providing for temporary alimony and the order to show cause made upon him, together with the service upon his attorney of record, who was still invoking on his behalf the appellate jurisdiction of this court in the action in which he had appeared and presented a defense, conferred upon the court at Special Term jurisdiction to make the order appealed from. He had his day in court, there was no judgment by default, he filed his own affidavit in opposition, and was represented by counsel.

None of the cases cited presented such questions of fact as are in the matter at bar. It cannot be that a party to a proceeding will be considered to be in court for the purposes of an appeal, and for the purpose of reversing and vacating the orders and judgments of this court, and at the same time not be amenable to the orders of the court made as a necessary incident to the very judgments and decrees which he is seeking to review. In our view his rights have been fully protected. He has been duly served with the original order, with proper demand, with the order to show cause, and has had his day in court. We think, however, that the order should be modified. The original order granting alimony pendente lite provided that $10 per week should be paid from the 17th day of September, 1904. The demand for payment thereunder was made on the 25th day of September, 1905, a period of 53 weeks, which at $10 per week would amount to $530, and the counsel fee provided for in said original order was $150. We think that the fine adjudged in this case must be limited to the amount due at the time that the demand was made, as a demand is a necessary prerequisite in such contempt proceedings.

The order, therefore, should be modified, by changing the date in the order appealed from down to which the defendant refused and neglected to pay, from January 17, 1906, to September 25, 1905, and the amount of the fine imposed from $850 to $680, and, as so modified, affirmed, with $10 costs and disbursements to the respondent upon this appeal. All concur.

---

(115 App. Div. 898)

### WOOLWORTH v. WOOLWORTH.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

Appeal from Special Term, New York County.

Action for separation by Martha G. Woolworth against Herbert G. Woolworth. From a decree in favor of plaintiff, defendant appeals. On motion to dismiss appeal. Motion denied, with conditions.