(120 App. Div. 353)

## GUNN v. GUNN.

(Supreme Court, Appellate Division, First Department.   June 28, 1907.)

DIVORCE—DIRECTION TO PAY ALIMONY—CONTEMPT PROCEEDINGS—ALIMONY AC-
    CRUED PRIOR TO SERVICE OF DECREE.

> Though contempt proceedings for failure to pay alimony cannot be in-
> stituted until the decree of divorce directing that alimony be paid is
> served, yet on service of such decree defendant therein may be held in
> contempt for failure to pay alimony accrued prior to the service thereof.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 758,
> · 759.]

Appeal from Special Term, New York County.

Action by Clara L. Gunn against Arthur S. Gunn for divorce.
From an order denying a motion to punish defendant for contempt
for failure to comply with the provisions of the final judgment relative
to the payment of alimony, plaintiff appeals.   Order reversed, and the
matter remitted for further proceedings.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, LAM-
BERT, and HOUGHTON, JJ.

Leon Kronfeld, for appellant.
John C. Kennedy, for respondent.

LAMBERT, J.   This is an appeal from an order of the Special
Term denying a motion to punish the defendant for contempt in
refusing to pay alimony.   The case shows the final decree of divorce
was entered on the 14th day of May, 1906, which required the de-
fendant to pay the plaintiff $10 per week for the support and main-
tenance of the infant child of the marriage.   On the 3d of January,
1907, a certified copy of said final judgment, with notice of entry,
was personally served upon the defendant.   At the same time a
written demand for the payment of $320, the amount that had then
accrued under the decree, was served upon the defendant.   He paid
nothing upon said demand.   Thereupon a motion was made upon an
affidavit of the plaintiff, verified on the 4th day of January, alleging
that the defendant had given no security for the payment of the
said alimony, and the said defendant has no property, real or per-
sonal, that could be reached in sequestration proceedings, that she
does not know of any security that the defendant could give for the
payment of said alimony, and that sequestration proceedings and a
receivership would be ineffectual to obtain payment of said alimony.
The court denied the motion, stating that the failure to pay the alimony
which accrued prior to the decree of divorce cannot be the basis of
contempt proceedings; that there can be no willful disobedience of a
direction of the court without knowledge of such direction.

I think the learned court fell into error.   The obligation to pay
accrued upon the entry of the judgment.   The defendant was served
with this judgment, and at the same time, with a demand for what had
accrued from that time up to the date of the service of the copy of
the judgment and the demand.   This obligation to pay cannot be

enforced by execution, and, as sequestration proceedings are alleged to be useless, the only effective way is by proceedings as for contempt. If the learned court is right, then the accrued alimony from the time of the entry of the judgment to the time of the service thereof is gone. You cannot wipe out an obligation fixed by the judgment by a failure to serve a copy thereof for a length of time. That would be to put a premium on divorce judgment debtors to keep themselves concealed.

In Woolworth v. Woolworth, 115 App. Div. 405, 100 N. Y. Supp. 865, it appeared that an order was made on the 26th day of January, 1905, requiring the defendant to pay the sum of $10 per week from the 17th day of September, 1904. On the 21st day of September, 1905, service of a copy of this order and a demand was made on the defendant, which having been refused the court below adjudged the defendant in contempt for having refused and neglected to pay to the plaintiff from September 17, 1904, until January 17, 1906. We held that the original order provided that $10 a week should be paid from the 17th day of September, 1904, and as the demand for payment was made on the 21st of September, 1905, we cut down the provision of the order of July 30, 1906, to the date of demand, the 25th day of September, 1905, saying:

"We think that the fine adjudged in this case must be limited to the amount due at the time the demand was made, as a demand is a necessary prerequisite in such contempt proceedings."

This determination is inconsistent with the order appealed from, because a certified copy of that order was not served until the 21st day of September, 1905, but the requirement for payment related back to the time fixed in the order, which was the 17th of September, 1904; so here the time fixed by the judgment was the date of the entry. Alimony began to run then, and, while contempt proceedings could not be instituted until after that judgment was served, yet the moment it was served all the amount theretofore accrued became due and payable, and, a demand having been made for that and refused, contempt proceedings, which were the only ones under these papers, to collect the amount, were proper.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for further proceedings in accordance with the views herein expressed. All concur.