[No. 1868]

CHARLES F. KAPP, PETITIONER, *v.* THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ESMERALDA, P. J. SOMERS, JUDGE OF SAID COURT, AND MARGARET G. KAPP, RESPONDENTS.

1. DIVORCE—ALIMONY PENDENTE LITE—SCIRE FACIAS TO COMPEL PAYMENT.
   The method of proceeding by a petition or complaint reciting an order for alimony *pendente lite*, its nonpayment, the amount accrued and unpaid, and defendant's refusal to pay, and praying for judgment that plaintiff have execution against defendant's property subject thereto, is substantially a writ of *scire facias*, unknown to the Nevada practice.

2. EXECUTION—FINAL JUDGMENT AS PREREQUISITE.
   Execution will not ordinarily issue except to enforce a final judgment.

3. DIVORCE—ALIMONY PENDENTE LITE—EXECUTION TO ENFORCE ORDER.
   As execution ordinarily issues only to enforce a final judgment, an interlocutory order for alimony *pendente lite* will not be so enforced except where special statutory provision warrants it.

4. DIVORCE—ALIMONY PENDENTE LITE—EXECUTION TO ENFORCE ORDER.
   Section 27 of the act relating to marriage and divorce (Comp. Laws, 507) provides for the enforcement of orders for alimony *pendente lite* as is provided in section 24 (Comp. Laws, 504), which provides for enforcing orders by attachment, commitment, and requiring security, "or by other means, according to the usages of the courts." *Held*, that the words quoted do not authorize an order that execution issue to enforce an interlocutory order, as enforcement of such orders to pay money is not according to such usage.

5. DIVORCE—ALIMONY PENDENTE LITE—EXECUTION TO ENFORCE ORDER.
   An order or judgment for execution to enforce payment of alimony *pendente lite*, not mentioning specific property, cannot be supported on the theory that it directs application of specific property of defendant to such object, and if execution were permitted to issue, it would be left entirely with the sheriff under the law governing such cases.

ORIGINAL PROCEEDING. *Certiorari* by Charles F. Kapp against the Seventh Judicial District Court for Esmeralda County, Peter J. Somers, Judge thereof, and Margaret C. Kapp, to review an order for judgment, and the judgment thereon that Respondent Kapp have execution against relator to enforce payment of alimony *pendente lite*. **Order and judgment annulled.**

The facts sufficiently appear in the opinion.

*Detch & Carney*, for Petitioner.

*Thompson, Morehouse & Thompson,* for Respondents:

I.    The *certiorari* does not lie, because the power to make an order for alimony *pendente lite* in a divorce action is conferred specially by section 507, Compiled Laws, and the power to enforce it is conferred specially by section 507 and 504, Compiled Laws.    This, therefore, gives the court, when it has jurisdiction of the action of divorce, complete jurisdiction to make and enforce during the pendency of the action all orders for alimony.    The court having jurisdiction, the writ of *certiorari* does not lie.    (*Florence G. M. Co.* v. *District Court,* 30 Nev. 391.)    The court by the constitution of Nevada has the power to issue all writs "proper and necessary to the complete exercise" of its jurisdiction; therefore, if a writ in the nature of execution or an execution is necessary, it may issue the writ.    The distinction between an interlocutory order and a judgment as to an execution is simple and plain, in this, that an interlocutory order can only be enforced by special action of the court, while a judgment is enforced by the ministerial action of the clerk, upon request of the plaintiff.    The one is set in motion by the action of the court, and the other by the plaintiff recovering the judgment.    In an interlocutory order the plaintiff cannot act.    He must seek action through the court.    In a final judgment he, as a matter of right, can act, by taking out execution.    In the interlocutory order the matter is always pending and can be acted upon at any time by the court, and it may be set aside, modified or enforced, as the court may deem meet.    In a penal judgment, the power of the court ends, unless there is some reservation in the judgment, with the entry of judgment, and then the law steps in and provides its enforcement, by the plaintiff, through execution.

II.    Our statute (Comp. Laws, 504) says that the order may be enforced "by other means, according to the usage of courts and the circumstances of the case."    Here is full statutory power to adopt any means or writ, which courts adopt to that end, and leaves the court to determine, if the circumstances warrant, what means it shall take.    If some statutory mode is the usage of the courts elsewhere, then such statutory mode may be used in this state, because the term "usages of

court" is a statutory authority for our courts to adopt that mode. The word "usage" is simply the method, the procedure, the means, by which courts enforce their orders. If courts, whether by statute or otherwise, enforce such orders by an execution, then our courts may adopt such usage. And usage allows execution. (15 Ency. Pl. & Pr. 361.)

III. Mr. Freeman (sec. 10, Free. on Ex.) says: "If a court is competent to pronounce judgment, it must be equally competent to issue execution to obtain its satisfaction. A court without the means to execute its judgments and decrees would be an anomaly in jurisprudence, not deserving the name of a judicial tribunal. It would be idle to adjudicate what could not be executed, and the power to pronounce necessarily implies the power of executing." To the same effect is *U. S.* v. *Johnson & Co.*, 73 U. S. 166. It would be strange, indeed, that a court should have full power to make an order, and no power to enforce it. (See 144 Fed. 594, as to jurisdiction.)

IV. It would be strange, indeed, under the constitution and laws of this state giving full power to issue all writs necessary and proper, that a court cannot select upon due notice and hearing what writ shall issue. At any rate, this proceeding, even if erroneous, was within the jurisdiction of the court, for, as is said in *Ex Parte Moran*, 144 Fed. 594, at page 604: "Jurisdiction of a question is the lawful power to enter upon the consideration of, and to decide it. It is not limited to making correct decisions. It includes the power to decide an issue wrong as well as right." (*Phillips* v. *Welsh*, 12 Nev. 153; *In re Wixom*, 12 Nev. 219; *Maxwell* v. *Rives*, 11 Nev. 214.)

By the Court, NORCROSS, C. J.:

This is an original proceeding in *certiorari* to review a certain order for judgment and judgment to the effect that the respondent Margaret G. Kapp have execution against the property subject to execution of the petitioner herein, and thereby to recover the amount of $2,100 due from petitioner herein to the respondent Margaret G. Kapp on account of unpaid alimony *pendente lite*, allowed by the court in the divorce proceedings, now pending, instituted by said respond-

ent Margaret G. Kapp against petitioner herein, which said alimony *pendente lite* was at the rate of $200 per month.

The method adopted to secure this order and judgment was a petition or complaint reciting the prior order for alimony *pendente lite*, the nonpayment thereof, the amount of accrued and unpaid alimony, and the refusal of the defendant to pay the same, and praying for a judgment that the plaintiff have execu- tion against the property of defendant subject to execution. This method of procedure is substantially that of the writ of *scire facias* and is unknown to our practice. (*Humiston* v. *Smith*, 21 Cal. 130; *Cameron* v. *Young*, 6 How. Prac. 372; *Alden* v. *Clark*, 11 How. Prac. 209; *U. S.* v. *Ensign*, 2 Mont. 396; *Wilson* v. *Shively*, 10 Or. 273; 19 Ency. Pl. & Pr. 266; Comp. Laws, 3096.)

Counsel for respondent, however, says: "This proceeding was taken, not as an action, but to get the various sums due united into one order, and the order of the court, that the same should be enforced by the writ of execution," and that "this proceeding, even if erroneous, was within the jurisdic- tion of the court." Execution will not ordinarily issue except to enforce a final judgment. An interlocutory order for alimony *pendente lite* will not be enforced by execution except where there is a special statutory provision warranting it. (14 Cyc. 796.) We have been unable to find a single case wherein an interlocutory order for alimony *pendente lite* was enforced by execution.

Section 27 of "An act relating to marriage and divorce" (Comp. Laws, 507) provides: "In any suit for divorce now pending, or which may hereafter be commenced, the court or judge may, in its discretion, upon application of which due notice shall have been given to the husband, or his attorney, at any time after the filing of the complaint, require the hus- band to pay such sums as may be necessary to enable the wife to carry on or defend such suit, and for her support and the support of the children of the parties during the pendency of such suit; and the court or judge may direct the application of specific property of the husband to such object, and may also direct the payment to the wife for such purpose of any

sum or sums that may be due and owing to the husband from any quarter, and may enforce all orders made in this behalf, as is provided in section twenty-four of this act. (As amended, Stats. 1865, 99.)" The provisions of section 24, referred to (Comp. Laws, 504), read: "And all such orders may be enforced, and made effectual, by attachment, commitment, and requiring security for obedience thereto or by other means, according to the usages of courts, and to the circumstances of the case."

Counsel for respondent relies upon the expression, "or by other means, according to the usages of courts," to support the authority of the court to order the judgment that execution issue; but the enforcement of interlocutory orders for the payment of money by execution does not appear to be "according to the usages of courts," but may be resorted to only where the statutes specifically so provide. A few states have statutory provisions that may warrant the issuance of an execution to enforce any order for the payment of money. (*Halstead* v. *Halstead*, 21 App. Div. 466, 47 N. Y. Supp. 649; *Van Cleave* v. *Bucher*, 79 Cal. 600, 21 Pac. 954.) The only provision for an execution in our civil procedure is after final judgment.

The order or judgment cannot be supported upon the theory that it directs the application of specific property of the defendant to such object, for no specific property is mentioned in the order or judgment. If execution were permitted to issue, it would be left entirely with the sheriff under the law governing in such cases.

Whether the trial court is or is not empowered to order a sale of specific property of the husband, if deemed necessary, is a question not presented in this proceeding; but we are convinced that it has no power to enter a general order or judgment that execution issue as was done in this case.

The order and judgment complained of were without the jurisdiction of the court and void, and the same are ordered annulled.