ELIN HORTER, Appellant, *v.* EARL B. HORTER, Respondent.

First Department, May 4, 1917.

**Husband and wife — separation — motion to punish for contempt for failure to pay alimony in compliance with resettled order — effect of denial of motion for failure to comply with original order.**

On a motion to punish a defendant in an action for separation for contempt in failing to pay alimony in compliance with an order resettled as to date of the original order, so as to specify with more definiteness the duty of the defendant with respect to payments, a prior order denying a motion to punish him for contempt for failing to comply with the original order which was in the short form, is not a bar, as said denial was not on the merits, but upon the ground that a long form order should have been entered.

The order as resettled was not a new order, but merely constituted a more formal and definite statement of the defendant's duty.

APPEAL by the plaintiff, Elin Horter, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of February, 1917, denying her motion to punish the defendant for contempt of court in failing to pay alimony, and also from an order as resettled, entered in said clerk's office on the 20th day of March, 1917, denying her motion for a reargument. ·

*Paul E. Mead,* for the appellant.

*Joseph E. Cavanaugh,* for the respondent.

LAUGHLIN, J.:

This is an action for a separation. It was commenced on the 2d day of April, 1915, and a notice of motion for alimony and counsel fees was served with the summons. The motion was granted on the 30th of April, 1915, and a short form of order was entered describing the papers read on the motion, and stating that upon those papers the motion was granted and alimony at the rate of twenty dollars per week, commencing from the date of service of the motion papers, and two hundred dollars counsel fees, payable within ten days after the service of the order with notice of entry, were allowed. A copy of the order with notice of entry was duly served on the attorney for the defendant on the next day. The counsel fee was paid, and on the 5th of May, 1915, the defendant commenced paying the alimony in weekly installments, and by the thirteenth of July thereafter he had made ten payments, five of which were twenty dollars, one fifty dollars, one forty dollars, one eighteen dollars, and two ten dollars, leaving seventy-two dollars unpaid; and on that day a certified copy of the order and a written demand for the payment of the balance were duly served on the defendant personally. He thereupon resumed and continued paying at irregular intervals until the 1st day of April, 1916, having at that time paid on account of alimony nine hundred and eighty-three dollars and thirty-three cents. He has made no payments since. On May 26, July 18 and November 1, 1916, written demands for the balance of alimony due on those respective dates were made on the defendant personally, and a motion was made to punish him for contempt in failing to comply with the demand of November first. On November twenty-first that motion was denied, without costs, on the ground, as shown by the memorandum opinion, that a long form order should have been entered, specifying with more definiteness the duty of the defendant with respect to paying the alimony. So far as appears, the sufficiency of the order had not been questioned until that time. A motion was then made by plaintiff for the resettlement of the order, and by an order dated and entered on the 4th of December, 1916, it was resettled by the justice presiding when it was made, but as of the date of the original order. The

order as resettled follows plainly the intent of the original order and required the payment of twenty dollars per week, commencing on the 2d of April, 1915; but it supplied an omission in the original order by specifying the office of the plaintiff's attorney as the place of payment. At the time of each payment of alimony the defendant was given a receipt therefor, and one of the payments was made by his attorney. On the 14th day of December, 1915, the defendant moved for an order of reference. At that time he was paying alimony under the original order. The motion was granted and the issues were tried between that date and the twenty-third of May thereafter; and the referee's report under date of September 18, 1916, in favor of plaintiff was confirmed on the first of December thereafter. It is perfectly clear that the defendant fully understood his duty under the original order, and when the last two demands were made upon him he stated that he would go to jail before complying therewith. After the resettlement of the order and on the 13th of December, 1916, a certified copy of the original order as resettled was personally served on the defendant together with a demand for the unpaid alimony, then aggregating seven hundred and seventy-six dollars and sixty-seven cents. A motion was then made to punish him for contempt, based on the service of the certified copy of the order as resettled and the demand made thereunder. In opposition to the motion he presented an affidavit in which he admitted that the amount demanded became due under the original order but denied that it became due under the order as resettled. The motion was denied, as shown by the opinion of the justice presiding, on the ground that the order as resettled was in effect a new order.

It is now contended in behalf of the defendant that the order denying the motion to punish him for contempt for failing to comply with the original order is a bar. There is no force in that contention, for it is manifest that the denial of the motion was not on the merits. I am of opinion that the order as resettled was not a new order, but merely constituted a more formal and definite statement of the defendant's duty under the decision of the court, made on the original motion, and briefly prescribed in the original order. It is well settled that

the court may by order require the payment of alimony from the date of the service of the notice of motion (*Thrall* v. *Thrall*, 83 Hun, 188; *Woolworth* v. *Woolworth*, 115 App. Div. 405; *Gunn* v. *Gunn*, 120 id. 353), and that by the judgment the court may require the payment of alimony from the commencement of the action. (*McCarthy* v. *McCarthy*, 143 N. Y. 235.) The order was resettled as of the date of the original order and as resettled it speaks from that date. The order resettling the original order is, therefore, in effect, an order resettling it *nunc pro tunc* by incorporating more formally the recitals and prescribing more definitely the duty enjoined upon the defendant; but there was no new decision and, therefore, the order was clearly authorized. (See *Cuebas* v. *Cuebas*, 223 U. S. 376; *Perkins* v. *Hayward,* 132 Ind. 95.) Moreover, the defendant was not punishable for contempt until a certified copy of the order was served upon him, together with a demand for the accrued alimony; and as that was done in the case at bar he had an opportunity, before the motion to punish him for contempt was made, with the most full and complete knowledge of his duty, to comply with the order of the court and avoid being punished for contempt. (*Gunn* v. *Gunn*, 120 App. Div. 353; *Flor* v. *Flor*, 73 id. 262; *Woolworth* v. *Woolworth*, 115 id. 405; *Goldie* v. *Goldie*, 77 id. 12.)

It follows, therefore, that the court erred in denying the motion and that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and the defendant fined the sum of seven hundred and seventy-six dollars and sixty-seven cents, the amount of the accrued alimony, together with the costs, and required to pay the same forthwith or be committed according to law.

CLARKE, P. J., DOWLING, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, as stated in opinion. Order to be settled on notice.