ARLINE SHAPIRO WEINGARTEN, Plaintiff, *v.* SAUL WEINGARTEN, Defendant.

Supreme Court, New York County, March 5, 1929.

*Jenks & Rogers*, for the plaintiff.

*Blau, Perlman & Polakoff*, for the defendant.

LEVY, J.   On November 27, 1928, an order was made granting to the plaintiff $1,000 per month alimony and $5,000 counsel fee. The order directed the payment of the alimony "during the pendency of this action to begin as of October 12th, 1928, the date of the commencement of this action; said payments to be made for accrued alimony forthwith — and for alimony hereafter accruing on or before the 12th day of each month." The payment of the counsel fee was to be made within ten days.

Upon appeal to the Appellate Division the order was modified on December twenty-first by reducing the alimony to $750 per month and the counsel fee to $1,500 (225 App. Div. 745). Notice of entry of this order was served upon the defendant on January 4, 1992. While the appeal was pending defendant, not having obtained any stay, paid $2,000 on account of accruals of alimony. A controversy thereafter arose, following the modification of the order, as to the balance due. As a result, on January eleventh plaintiff caused to be issued an execution to the sheriff for $250 arrears in alimony

and for $1,500 counsel fee. Defendant on the same day tendered the amount of the counsel fee to plaintiff's attorney, who refused to accept it on the ground that the money was payable to the sheriff. At the same time a check for $250 was sent to the plaintiff, which she has not negotiated. It should be remarked at the outset that plaintiff's action in issuing the execution was not wanton, but made in good faith in consequence of a failure to get together with defendant on the amount due and to become due under the order. Defendant now seeks to restrain the sheriff from proceeding to levy execution, urging that there is no authority for thus collecting any arrears of temporary alimony or of counsel fees. The question at issue is to be resolved by a construction of section 1520 of the Civil Practice Act, which is a substantial re-enactment of section 779 of the Code of Civil Procedure. The provision in question, entitled " Collection of costs of motion," so far as pertinent, reads as follows: " Where costs of a motion, or any other sum of money, directed by an order to be paid, are not paid within the time fixed for that purpose by the order, or, if no time is so fixed, within ten days after the service of a copy of the order, an execution against the personal property only of the party required to pay the same may be issued by any party or person to whom the said costs or sum of money is made payable by said order, * * *."

While the title of the section seems to limit it to costs of motion, the scope of it is broader, as it applies to the collection of any other sum of money directed by an order to be paid. It further provides that if the latter does not specify the time of payment, the party liable has ten days in which to make such payment before execution may issue. If the case under consideration is one to which an execution is applicable, defendant is not entitled to ten days or other grace after January fourth, the date when the order of modification was served upon him, in which to make payment. The order of the Appellate Division did not substitute any new periods of payment for those provided in the original order; it merely modified the sums to be paid. Therefore, the objection that execution, even if proper, is premature is not at all tenable.

But is section 1520 of the Civil Practice Act applicable to the enforcement of payment for an order of temporary alimony? Quite apart from the statute, the general rule is that an order for the payment of temporary alimony may not be enforced by execution. Still in *Halsted* v. *Halsted* (21 App. Div. 466) the court construed section 779 of the Code of Civil Procedure as authorizing collection in this manner. On the other hand, in the later case of *Weber* v. *Weber* (93 App. Div. 149) the court, without reference to the *Halsted*

case, expressly held that the cited section does not authorize an execution to enforce a mandate under sections 1769 and 1771 of the Code of Civil Procedure, which permit an order to issue requiring the husband to pay any sums of money necessary to enable the wife to carry on or defend the action, or to provide for the education and maintenance of the children. The essential features contained in these sections of the Code of Civil Procedure are now embodied in sections 1169 and 1170 of the Civil Practice Act. In arriving at its conclusion, the court said (at p.152): "Section 779 of the Code was intended to apply to an order directing the payment of a sum of money, the provisions of which order will be satisfied upon payment being made as in the case of a judgment for a sum of money, where the payment of the amount specified satisfies the judgment. It was recognized that where a husband is required to make payments from time to time for the support of his wife and children, enforcement of such an order by execution under section 779 of the Code would be ineffectual; and a special proceeding was authorized which would accomplish that purpose; and that proceeding having been prescribed, it would seem to follow that the enforcement of the order must be in accordance with it."

There is nothing in that case to indicate that allowance for counsel fees as well as for temporary alimony was involved. But at least so far as such alimony is concerned, the case definitely holds that execution is improper. In view of the reasoning adopted there, it must be deemed to overrule the earlier holding to the contrary in the *Halsted* case. In *Gunn* v. *Gunn* (120 App. Div. 353), which involved the enforcement of a judgment for permanent alimony by contempt proceedings, the court remarked that the obligation could not be enforced by execution. This expression, however, must be deemed a limitation upon the right to summary execution upon arrears, without the docketing of a judgment predicated thereon after application to the court. This seems to be made clear in *Thayer* v. *Thayer* (145 App. Div. 268, 270), where it is said: "The only practicable method is to docket successive judgments as the installments of alimony fall due. The clerk is merely a ministerial officer, having no judicial powers. If application were to be made to him, from time to time, he would have no power to determine whether the judgment still remained effective (for the death of either party would cancel the obligation to pay), or whether the installment or installments which it was sought to docket, still remained unpaid. The court, however, has jurisdiction over the clerk's docket (Code Civ. Proc. § 1269), and it is entirely proper that application should be made to the court for an order directing the clerk to docket as a judgment any install-

ments of alimony which remain unpaid." It was also held in that case, although by a divided court, as to that feature, that such application for judgment may be made without notice. Perhaps an analogous procedure for docketing a judgment for arrears of temporary alimony upon application to the court, is permissible. It is, however, unnecessary to consider this question, because no such steps were taken by plaintiff before issuing the execution. It is significant, nevertheless, that if an application to the court is required to docket a judgment for arrears in permanent alimony, at least the same course of process should be required to fix the amount of arrears of temporary alimony.

Is, however, the plaintiff entitled to an execution for the counsel fee apart from the temporary alimony? If the order involved solely payment of counsel fee, there might be reason for permitting this; but the language of the *Weber* case would seem to prevent execution for counsel fee alone, where a direction for the payment of the temporary alimony is also contained in the given order. If an execution were permitted to be issued for counsel fee, the provisions of the order would not be satisfied as in the case of " a judgment for a sum of money, where the payment of the amount specified satisfies the judgment." (*Weber* v. *Weber*, *supra*.) Obviously, the direction in the order may not be satisfied piecemeal. It is incumbent, therefore, to hold that execution for the unpaid counsel fee as well as for arrears in alimony, was unauthorized, and the motion to enjoin collection thereby must be granted.

It is necessary, however, for the sake of avoiding future differences, to take up the issues between the parties, which were the proximate cause of the present controversy — the effect of the order at Special Term as to the period which any payment of alimony should cover. It seems to be the contention of defendant that while payments were to begin as of October twelfth, the first installment was not payable until November twelfth; that while the order of November 27, 1928, specified that arrears were to be paid forthwith, only one monthly installment was then due. In short, the issue is whether alimony under the order is to be payable in advance or at any time before the expiration of the month. There can be little doubt about the solution of this problem. Alimony is awarded for the support and maintenance of a wife and children, and should be payable in advance. It is an allowance made for future support. (*Thrall* v. *Thrall*, 83 Hun, 188.) It is not to be presumed that the wife will incur debts to be paid at the expiration of the month, and it cannot be expected that she will support herself on credit in the interim. Defendant emphasizes a phrase of the order which requires alimony thereafter accruing to be paid

" on or before the 12th day of each month." The payment *before* the twelfth is entirely optional with defendant. The payment *on* the twelfth is obligatory, but such payment will be deemed satisfaction of the obligation for the month to come and not for the month elapsed. It might be a subject of comment that the order provided for payment of alimony to begin as of the twelfth day of October, " the date of the commencement of the action," in view of the general rule expressed in *Horter* v. *Horter* (177 App. Div. 827, 829) as follows: " It is well settled that the court may by order require the payment of alimony *from the date of the service of the notice of motion* (*Thrall* v. *Thrall*, 83 Hun, 188; *Woolworth* v. *Woolworth*, 115 App. Div. 405; *Gunn* v. *Gunn*, 120 id. 353), and that by the judgment the court may require the payment of alimony from the commencement of the action. (*McCarthy* v. *McCarthy*, 143 N. Y. 235.)" (Italics mine.)

But the distinction here is that the parties stipulated when they adjourned the motion that alimony was to *begin as of the 12th day of October*, and it is probable, although the affidavits do not clearly show this, that the motion papers were served simultaneously with the commencement of the action.

The motion is granted. Settle order.