LESTER M. GREFF, Plaintiff, *v.* ELLA E. HAVENS, Also Known as ELLA E. GREFF, et al., Defendants.*

Supreme Court, Special Term, New York County, October 7, 1946.

* See, also, *Greff* v. *Havens,* 186 Misc. 914, and 270 App. Div. 994.— [REP.

*William S. Bennet* for Ella E. Greff, defendant.

*Peter J. Haberkorn* for plaintiff.

GAVAGAN, J. The provisions of section 1171-b of the Civil Practice Act are not applicable to the instant application since that section, by its terms, applies only " where the *husband* \* \* \* makes default in paying any sum of money as required by the judgment or order " (italics supplied). Although section 1169 of the Civil Practice Act, as amended by chapter 226 of the Laws of 1940, permits the court to require a person other than the husband to pay a counsel fee to the wife to defend an action of the present character, section 1171-b was not amended to include such an order within its scope. The proper remedy of the movant would seem to be to issue execution pursuant to section 1520 of the Civil Practice Act. It is true that said section has been held inapplicable to orders directing the payment of temporary alimony or counsel fee, but this was only because the provisions authorizing contempt and sequestration proceedings for the enforcement of temporary alimony and counsel fee were deemed exclusive (*Doncourt* v. *Doncourt,* 245 App. Div. 91, 92; *Weber* v. *Weber,* 93 App. Div. 149).

In the instant case the movant may not resort to either contempt or sequestration proceedings against the plaintiff, since he is not her husband. Section 1172, authorizing contempt proceedings, and section 1171, relating to sequestration, by their terms apply only to defaults by a husband, and section 1171-a, relating to sequestration, applies only where the defendant is not within the State or cannot be found therein or is concealing himself therein. To hold that section 1520 of the Civil Practice Act may not be availed of by the movant would be to deprive her of all remedy.

The motion for leave to enter judgment is denied but without prejudice to the issuance of an execution pursuant to section 1520 of the Civil Practice Act.