LESTER M. GREFF, Plaintiff, v. ELLA E. HAVENS, Also Known as ELLA E. GREFF, et al., Defendants.

Supreme Court, Special Term, New York County, October 17, 1947.

*Peter J. Haberkorn* for plaintiff.

*Bennet, House & Couts* for Ella E. Greff, defendant.

GAVAGAN, J. Motion for order directing entry of judgment under section 1171-b of the Civil Practice Act.

Prior to the 1940 amendment of section 1169 of the Civil Practice Act (L. 1940, ch. 226), no counsel fees were allowable, against parties other than the husband, in an action brought by such parties to annul the marriage after the death of the husband. The wife was " not a privileged suitor against them, but only against her husband while he lived." (*Farnham* v. *Farnham,* 227 N. Y. 155, 158.) In 1940 section 1169 of the Civil Practice Act was amended to read, in part, as follows: " When an action for annulment is maintained after the death of the husband the court, in its discretion, during the pendency thereof, from time to time, may make and modify an order or orders requiring the person or persons maintaining the action to pay any sum or sums of money necessary to enable the wife to defend the action."

This amendment allowed the court, *pendente lite only,* to make or modify the orders envisioned by the amendment. As to the order for counsel fees made *pendente lite* in the instant matter, any remedies for enforcement thereof *pendente lite* died with the termination of the action. At the time the previous motion was brought on the statute provided that an order for counsel fees could be made by the court during the pendency of the action, but no method of enforcement of such an order was provided for either by section 1169 of the Civil Practice Act or by any of the other sections of article 70 of the same act. Assuming apart from statute, an inherent power in the court to punish disobedience of such an order by contempt, such remedy would fall with the termination of the action. This action terminated with the entry of judgment on June 20, 1946. Plaintiff made a subsequent motion to set aside the judgment of dis-

missal of his complaint and vacate his default upon **the trial** and this motion was granted upon terms. Those terms were not complied with and the judgment stands as of the date it was entered. So that as matters stood on June 20, 1946, the moving party herein had no remedy against the plaintiff by which she could collect counsel fees after entry of judgment in an annulment action brought by a party other than the husband and after the latter's death. She had no cause of action against the plaintiff for the amount of the counsel fees based upon the theory of necessaries because the plaintiff owed her no common-law duty to supply her with necessaries as he was not her husband. Under section 1169 of the Civil Practice Act, as it stood at the time of the entry of the judgment herein, she was only a privileged person as to the plaintiff during the pendency of the action. Right to counsel fees and remedy therefor existed only *pendente lite*. After judgment she had no statutory right to counsel fees nor remedy based thereon nor cause of action for necessaries therefor. It must necessarily follow, therefore, that the 1947 amendment to section 1171–b of the Civil Practice Act ( L. 1947, ch. 743), when applied to the situation with which this court is here confronted, has the effect of creating a remedy where none existed before. The amendment under consideration is therefore prospective only in its operation. The following extract from *Jacobus* v. *Colgate* (217 N. Y. 235, 240) is pertinent: " The general rule is that statutes are to be construed as prospective only (27 Halsbury's Laws of England, p. 159). It takes a clear expression of the legislative purpose to justify a retroactive application [citing cases]. Changes of procedure, *i.e.,* of the *form* of remedies, are said to constitute an exception [citing cases], but that exception does not reach a case where before the statute there was no remedy whatever ".

On this branch of the case the holding of the court is that as to the counsel fees sought the amendment of 1947 to section 1171–b of the Civil Practice Act is prospective in operation only and that the present application insofar as it pertains to counsel fees must be denied.

As to the application of section 1520 of the Civil Practice Act herein. In *Weber* v. *Weber* (93 App. Div. 149, 152), the Appellate Division of the First Department, in considering the effect of section 779 of the Code of Civil Procedure, the predecessor section of section 1520 of the Civil Practice Act states: " Section 779 of the Code was intended to apply to an order directing the payment of a sum of money, the provisions of which order will be satisfied upon payment being made as in the case of a

judgment for a sum of money, where the payment of the amount specified satisfies the judgment.'' In the instant matter, if judgment were granted for costs separate from counsel fee the provisions of the order of the Appellate Division would not be satisfied as in the case of '' a judgment for a sum of money, where the payment of the amount specified satisfies the judgment.'' (*Weber* v. *Weber, supra*; *Weingarten* v. *Weingarten*, 133 Misc. 681, 684.) When this application was originally before the court, therefore, section 1520 of the Civil Practice Act could not cover both counsel fees and costs as provided for in the order of the Appellate Division, nor could counsel fees and costs be severed. So that as of that time, no remedy whatever existed for the moving party nor any cause of action. The amendment of section 1171-b in 1947 has the effect, therefore, of creating a new remedy where none existed before and also in effect and result, creates a new cause of action. Interpretation of section 1171-b of the Civil Practice Act should therefore be prospective in application.

The motion is denied. No motion costs.