(87 App. Div. 101.)

KANE et al. v. ROSE et al.

(Supreme Court, Appellate Division, Second Department. October 22, 1903.)

1. ATTORNEYS—COMPENSATION—SUBSTITUTION.
    An order made by the court, on a substitution of attorneys, requiring that the clients pay the former attorney a certain sum within a time fixed, but not providing for any punishment in the event of failure to make the payment, is not objectionable as intimating that on failure to pay the clients would be punished as for contempt.

2. SAME—STATUTES—ATTORNEY'S LIEN.
    Code Civ. Proc. § 66, provides that the court, on a substitution of attorneys, may determine and enforce the attorney's lien. *Held*, that where clients proceeding have sought a substitution of attorneys, and the court has ordered a reference to determine the value of the services, and that such attorney have a lien for the amount due him, clients, having accepted the order of substitution, are bound by the directions as to the lien.

3. SAME—DIRECTION OF PAYMENT OF COMPENSATION.
    Code Civ. Proc. § 66, provides that from the commencement of an action the attorney has a lien on the cause of action, etc., for his compensation, and that the court may determine and enforce the lien. *Held*, that on the making of an order of substitution the court has authority to impose a condition that clients pay the amount due the attorney of record.

4. SAME—REFERENCE.
    On a motion for a substitution of attorneys the court has authority to make a reference to determine the amount due the attorney as compensation.

5. SAME—FAILURE TO PAY COMPENSATION—STATUTES—CONTEMPT.
    Code Civ. Proc. § 779, provides that, where a sum of money is directed by an order to be paid, if it is not paid within the time limited an execution against the personalty of the one in default may be issued.

---

¶ 4. See Attorney and Client, vol. 5, Cent. Dig. § 114.

Section 14, subd. 3, enacts that a court has power to punish by fine and imprisonment a neglect of duty where a party to the action fails to pay a sum of money ordered to be paid, where by law execution cannot be awarded for the collection of such sum. *Held*, that where, on a substitution of attorneys, an order is made requiring clients to pay the former attorney his compensation, the attorney in the event of failure to pay may have an execution.

Appeal from Special Term, Suffolk County.

Action by Thomas Kane and others against C. Gunther Rose, as the sole surviving administrator of the estate of John Manton, deceased, and others. From an order directing plaintiffs severally and jointly to pay Joseph Wood a certain sum for services rendered as an attorney, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Martin T. Manton, for appellants.

Thomas G. Frost, for respondents.

WOODWARD, J. Joseph Wood, an attorney and counselor of this court, was retained by the plaintiffs to prosecute an action to set aside a certain conveyance of real estate. The action, after some delay, was brought on for trial at a Special Term of the Supreme Court, resulting in a dismissal of the complaint. The plaintiffs desired to appeal from the judgment, but were dissatisfied with their attorney, and made a motion for an order substituting Martin T. Manton. An order was granted making the substitution without requiring bonds for the protection of the lien of Mr. Wood under the provisions of section 66 of the Code of Civil Procedure. There being a dispute as to the amount due the latter, the order directed the appointment of a referee "to take proof as to the nature and terms of the retaining of Joseph Wood, Esq., as attorney for the plaintiffs herein, and the value of his services and necessary disbursements not already compensated for, and the amount so due to Mr. Wood, and to report the same back to the court with an opinion thereon"; and it was further ordered "that the said Joseph Wood have a lien to the extent of the amount allowed by said referee upon plaintiffs' cause of action, and all the pleadings, papers, and exhibits of the plaintiffs herein; and further order that no settlement of said cause of action be had or made except upon and after notice to said Joseph Wood." The referee appointed by such order entered upon the discharge of his duties, and found that there was owing to Mr. Wood the sum of $232.73, which report, with a modification, was confirmed by the court, and the order appealed from thereupon issued. This order provides that the plaintiffs "be and they hereby are directed to pay, as their joint and several obligation, to said Joseph Wood, Esquire, within twenty days from the date of the service of a copy of this order upon said Martin T. Manton, Esquire, attorney for said plaintiffs, the sum of two hundred seven and seventy-three one-hundredths dollars ($207.73), the amount found due said Joseph Wood, Esquire, from said plaintiffs, on said reference, together with the sum of eighty-seven and ninety-five hundredths dollars ($87.95) fees and expenses of said reference." The

plaintiffs appeal from this order, and urge that it was not contemplated by any of the parties that the court should make such an order, coupled, as it is, with an intimation in the opinion of the learned court that Mr. Wood may follow this order by a motion to punish as for a contempt if the same is not paid within the time limited. But the order itself does not provide for any punishment as for a contempt, and this court will not presume that any of its members will do that which is unlawful when called upon to act judicially. The plaintiffs accepted the order of substitution containing the provision for the reference, and that order, not having been appealed from, must be binding upon the parties in all of its terms and conditions. Section 66 of the Code of Civil Procedure provides that the "court upon the petition of the client or attorney may determine and enforce the lien," and, the plaintiffs having invoked the equitable powers of the court in making a change of attorneys (Greenfield v. Mayor, 28 Hun, 320, 321), they must be deemed to have submitted to the jurisdiction (Yuengling v. Betz, 58 App. Div. 8, 10, 68 N. Y. Supp. 574), and they are bound to submit to any lawful order of the court. The court has directed them to pay a certain amount within 20 days after the service of the order, and this must be accepted as the terms upon which the order of substitution was granted. There is no doubt of the power of the court to make an order of substitution upon the condition that the plaintiffs shall pay the amount then due to the attorney of record, and the power to send the matter to a referee to determine the amount then due is established by authority. Yuengling v. Betz, 58 App. Div. p. 10, 68 N. Y. Supp. 574, and authorities there cited.

In so far as the order appealed from is concerned, we are clearly of the opinion that the court had jurisdiction and power in the premises, and that the plaintiffs have no reason to complain. It may be proper to suggest, however, in view of the intimation in the opinion of the learned justice, that section 779 of the Code of Civil Procedure provides that, where a sum of money is directed by an order to be paid, if it is not paid within the time fixed by the order, or within 10 days after the service of the order, an execution against the personal property of the party required to pay the same may be issued by any party or person to whom the same is payable by the terms of the order (Halsted v. Halsted, 21 App. Div. 466, 467, 47 N. Y. Supp. 649), so that it is doubtful if there be any authority under subdivision 3 of section 14 of the Code of Civil Procedure to punish the plaintiffs as for a contempt of court. This subdivision limits the power of the court to punish as for a contempt for the "nonpayment of a sum of money ordered or adjudged by the court to be paid" to a "case where by law execution cannot be awarded for the collection of sum, or for any other disobedience to a lawful mandate of the court." The order appealed from is merely an adjudication that the sum mentioned in the order is due to Mr. Wood, with a direction that it be paid. If the plaintiffs fail to pay the same within the time limited in the order, Mr. Wood may issue an execution against the personal property of the plaintiffs, as was done in the case of Greenfield v. Mayor, supra, although the dictum would extend the power beyond this point. The limitations which we have suggested appear to be sanctioned by

O'Gara v. Kearney, 77 N. Y. 423, 426, and Myers v. Becker, 95 N. Y. 486, 493, and authorities there cited. The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.