(109 App. Div. 32.)

POTTER et al. v. ROSSITER et al.

(Supreme Court, Appellate Division, First Department.   November 17, 1905.)

CONTEMPT—VIOLATION OF INTERLOCUTORY JUDGMENT—POWER TO PUNISH.

   Plaintiff obtained an interlocutory judgment requiring a corporation, among other things, to forthwith deliver to him certain stocks and bonds. Pursuant to a stipulation of the parties, the stocks and bonds were deposited with a trust company as trustee, subject to the order of the court.   The corporation offered to transfer on its books the stock to the

name of plaintiff, thereby enabling him to vote it pending the determination of the action. Plaintiff declined the offer. It appears that defendant intended to appeal from the final judgment. *Held,* that the corporation was not subject to punishment for contempt in failing to comply with the judgment.

Ingraham, J., dissenting.

Appeal from Special Term, New York County.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Wm. W. Goodrich, for appellant.
J. Aspinwall Hodge, for respondents.

LAUGHLIN, J. This appeal is from an order adjudging the defendant company guilty of contempt of court in failing to transfer and deliver to the plaintiffs the stock and bonds required to be delivered to them "forthwith" by virtue of the interlocutory judgment herein, which is construed in the opinion on the appeal by the defendant Rossiter from an order adjudging him guilty of contempt, argued and decided herewith. 95 N. Y. Supp. 1036. Pursuant to a stipulation made by the attorneys for the respective parties, the stock and bonds were deposited with the Colonial Trust Company as trustee, "to be held by said trust company subject to the order of this court during the pendency of this action, and subject to the order of the court until the court shall otherwise direct by final judgment herein, or by interlocutory or other order." After the entry and service of the interlocutory judgment, the defendants served a notice of appeal therefrom to the Appellate Division. Pending that appeal, they made a motion at Special Term for a stay of proceedings under the interlocutory judgment. The motion was granted, upon condition that within five days from the entry of the order the defendants give security for the amount then due the plaintiffs from Rossiter under the interlocutory judgment, and upon the further condition that the stock be transferred to the names of the plaintiffs upon the books of the company, or that some other provision be made by which the stock can be voted as the plaintiffs direct pending the appeal. The defendants subsequently withdraw their appeal. Thereafter, and before the motion to punish the appellant for contempt was made, its attorney addressed a letter to the attorney for the plaintiffs, stating, in substance, that, in view of the plaintiffs' desire that some part of the interlocutory judgment should be complied with prior to a hearing upon the merits of an appeal from the final judgment, the defendants were willing to consent to the terms previously fixed by the court as a condition of granting the stay on the appeal from the interlocutory judgment, and to give a bond conditioned for the payment of the amount then due from the defendant Rossiter to the plaintiffs by the interlocutory judgment in case of an affirmance, and to immediately transfer the stock to the names of the plaintiffs upon the books of the defendant company; the stock to be returned to the custody of the company, and

held subject to the final judgment in the action after the appeal. These terms were declined. The motion to punish the company for contempt was then made and granted.

We are of opinion that the court should have denied the motion to punish the appellant for contempt upon the condition previously prescribed by the court upon the motion for a stay of proceedings pending the appeal from the interlocutory judgment. The stock and bonds were on deposit with the trust company, and there is no suggestion that it is not a safe custodian. If the stock is transferred to the names of the plaintiffs upon the books of the company, so that they may vote thereon, their rights would be sufficiently secured and protected until the final determination of the action. It appears that the defendants intend in good faith to appeal from the final judgment. They should not be prejudiced by a failure to appeal from the interlocutory judgment, or by the withdrawal of their appeal therefrom. They could not prosecute that appeal as matter of right beyond this court. They have the right to review the interlocutory judgment on an appeal from the final judgment both in this court and in the Court of Appeals. The interest of all parties will be best subserved by retaining the stock and bonds where they now are, in the custody of the court, until the final determination of the action.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, upon condition that, within 10 days after the entry and service of order with notice of entry, the defendants cause the stock to be transferred to the names of the plaintiffs upon the appropriate books.

O'BRIEN, P. J., and McLAUGHLIN and PATTERSON, JJ., concur.

INGRAHAM, J. I dissent. I think the order should be reversed, and the motion denied, on the ground that the interlocutory judgment should not be enforced until the entry of final judgment.