(109 App. Div. 35.)

POTTER et al. v. ROSSITER et al.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. JUDGMENT—INTERLOCUTORY JUDGMENT.

A judgment in an action for the reformation of a contract, for the amount due thereunder, for an accounting, and for the delivery of stocks and bonds of a corporation, which reforms the contract, directs a judgment for plaintiff for a specified sum, orders the transfer of stocks and bonds, requires defendant to account, and appoints a referee to take the account, and which recites that it is an interlocutory judgment, is an interlocutory judgment, within Code Civ. Proc. § 1200, providing that judgments are final or interlocutory, and defining a final judgment as the final determination of the rights of the parties.

2. CONTEMPT—ENFORCEMENT OF INTERLOCUTORY JUDGMENT.

An interlocutory judgment in an action on contract, which directs judgment for plaintiff for a specified sum due under the contract, though not enforceable by execution until the rendition of the final judgment containing the provisions of the interlocutory judgment, is not enforceable by contempt proceedings.

Appeal from Special Term, New York County.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William W. Goodrich, for appellants.
J. Aspinwall Hodge, for respondents.

LAUGHLIN, J. This is an action, first, to reform a contract; second, to recover an amount alleged to be due and owing from the defendant Rossiter to the plaintiff thereunder; third, for an accounting by the defendant Rossiter to the plaintiffs for a percentage of the profits, fixed in the contract, on the construction and equipment of an electric light plant in Mexico and certain disbursements; and, fourth, to compel the defendants to deliver to the plaintiffs certain stock and bonds of the defendant corporation. The issues were tried at Special Term, and upon the decision made an interlocutory judgment was entered, first, reforming the contract; second, directing a judgment in favor of the plaintiffs against the defendant Rossiter for the sum of

$13,000, together with interest; third, directing the defendants to forthwith transfer to the plaintiffs $25,000 of the stock of the defendant ·company and a like amount of bonds of said company; fourth, directing the defendant Rossiter to account to the plaintiffs for two-thirds of the profits of the construction work referred to in the contract, on which the action is based, and directing how certain items shall be charged on the accounting, and appointing a referee to take and state the account, and reserving all questions as to interest and extra allowance until final judgment, with leave to either party to apply for such further order or judgment as they may be advised. Section 1200 of the Code of Civil Procedure provides that judgments are either interlocutory or final, and defines a final judgment as the final determination of the rights of the parties in the action. This judgment expressly recites that it is interlocutory, provides for an accounting and for a final judgment thereafter. There can be no doubt, therefore, but that it is an interlocutory judgment. Cambridge Valley Nat. Bank v. Lynch, 76 N. Y. 514; King v. Barnes, 107 N. Y. 645, 13 N. E. 799.

The learned counsel for the respondent proceeded upon the theory that since the interlocutory judgment, in so far as it determines that the appellant is liable to the plaintiff in a specified amount, is not enforceable by execution, not being a final judgment, it must be enforceable by contempt proceedings. This would be a startling proposition in any case, but becomes astounding when presented in a case where the recovery is for money due under a contract. The liability, of course, is not enforceable at present by execution, but the terms of the interlocutory judgment should be inserted in the final judgment, and then this liability may be docketed, and will become a lien, and may be enforced by execution. Myers v. Becker, 95 N. Y. 486. This is unlike a case where money is directed to be paid into court—a provision which could not be enforced by execution—or where restitution to the court is ordered of money paid out of court; and it is the ordinary case of a judgment directing the payment of money to a party which can only be enforced by execution. See General Elec. Co. v. Sire, 88 App. Div. 502, 85 N. Y. Supp. 141; subdivision 3, § 14, and subdivisions 3, 4, § 1241, Code Civ. Proc.; Kittle v. Steuve, 11 Misc. Rep. 280, 32 N. Y. Supp. 272; Geery v. Geery, 63 N. Y. 252; Devlin v. Hinman, 41 App. Div. 632, 59 N. Y. Supp. 1102, affirmed 161 N. Y. 115, 55 N. E. 386.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur.