(109 App. Div. 37.)

POTTER et al. v. ROSSITER et al.

(Supreme Court, Appellate Division, First Department. November 17, 1905.)

1. JUDGMENT—STAY OF PROCEEDINGS—INTERLOCUTORY JUDGMENT—RIGHT TO DEMAND SECURITY.

A plaintiff obtaining an interlocutory money judgment is not entitled to security for its payment on its affirmance on appeal, as a condition precedent to an order staying proceedings under it.

2. SAME.

A plaintiff obtaining an interlocutory judgment for the delivery of certain stocks and bonds which he can at once enforce is not required to consent to a stay of proceedings under it unless defendant consents to the transfer of the stock to the plaintiff on the books of the corporation and that he be permitted to vote thereon pending the determination of any appeal from the final judgment.

Ingraham J., dissenting.

Appeal from Special Term, New York County.

Action by Alexander Potter and another against Clinton L. Rossiter and others. From an order denying a motion for an order to stay proceedings under an interlocutory judgment, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

William W. Goodrich, for appellants.

J. Aspinwall Hodge, for respondents.

LAUGHLIN, J. The motion for a stay of proceedings was brought on and heard with the plaintiffs' motion to punish the defendant company for contempt, considered in the opinion delivered on the appeal argued and decided herewith. 95 N. Y. Supp. 1036. We are of opinion that the motion should have been granted. The terms offered by the defendants in their moving papers were more favorable to the plaintiffs than can be required. The defendants offered to give security for the payment of the money judgment authorized by the interlocutory judgment in case it should be affirmed on appeal. Inasmuch, as the plaintiffs are not now entitled to enforce that part of the judgment, they are not at present entitled to security as a condition of their not enforcing it. The plaintiffs were, however, entitled to enforce the judgment for the delivery of the stock and bonds, and, as has been suggested in the opinion delivered on the appeal by the defendant company, the defendant should be required, as a condition of staying the enforcement of that part of the judgment, to consent that the stock be transferred to the names of the plaintiffs upon the books of the company, and that they be permitted to vote thereon pending the final determination of any appeal that may be taken from the final judgment herein.

The order should therefore be reversed, with $10 costs and disbursements, and motion for a stay granted, without costs, upon condition that, within 10 days after the entry of the order and service thereof, the defendant corporation cause the stock to be transferred to the names of the plaintiffs upon the appropriate books, and that the plaintiffs be permitted to vote thereon until after the determination of the appeal from the final judgment, if one be taken, with like effect as if they had actual possession of the stock.

O'BRIEN, P. J., and McLAUGHLIN and PATTERSON, JJ., concur. INGRAHAM. J., dissents.