### WEISSENBURGER et al. v. WILLIAMS et al.

(Supreme Court, Special Term, Erie County.    June, 1913.)

1. SPECIFIC PERFORMANCE (§ 132*)—ENFORCEMENT OF JUDGMENT—CONTEMPT.
   Judiciary Law (Consol. Laws 1909, c. 30) provides, by section 756, that, upon neglect or refusal to obey an order of court requiring the payment of a specified sum of money, the court may commit the defender to prison until payment is made, and by section 753, subd. 3, that a party ordered to pay a sum of money in a case where execution therefor cannot be awarded may be punished for contempt. Code Civ. Proc. §§ 1240, 1241, provide that a final judgment for a sum of money or directing the payment of a sum of money may be enforced by execution, and that such judgment may be enforced by contempt proceedings where it cannot be enforced by execution. The judgment, in an action for specific performance of a contract, ordered that defendant accept the deed, and pay plaintiff upon delivery or tender thereof the sum of $1,350 with interest, and that, on refusal to accept the deed, plaintiff should file it with the clerk, whereupon defendant should pay plaintiff the amount, and that plaintiff have execution therefor. *Held* that, as the judgment ordered the payment of a sum of money, the only remedy was by execution, so that the judgment was not enforceable by contempt proceedings.

   [Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 436–438; Dec. Dig. § 132.*]

Action by Frank M. Weissenburger and one against Douglas Williams and one. Motion by plaintiffs for an order directing that defendants be punished for failing to comply with directions contained in the judgment. Denied.

Albert G. Lange, of Buffalo, for plaintiffs.
Robert W. Farrington, of Buffalo, for defendants.

EMERY, J. In the month of March, this year, the plaintiffs procured a judgment against the defendants, which reads as follows, after the formal recitals:

"Ordered, adjudged, and decreed that the agreement set forth in the complaint in this action and duly proven upon the trial be specifically performed; that the defendants and each of them receive and accept the deed of conveyance heretofore tendered to them July 11, 1912, and pay plaintiffs upon delivery or tender of said deed the sum of $1,350, together with interest thereon from July 11, 1912; it is further ordered, adjudged, and decreed that, if the defendants refuse to receive and accept said deed, the plaintiffs file the same with the clerk of this court; that upon such delivery or filing the defendants pay plaintiffs or their attorney the purchase price, to

wit, $1,350, together with interest thereon from July 11, 1912, and the sum of $107.85 costs of this action, and that they have execution therefor."

And this is the return of an order requiring the defendants to show cause why they should not be punished for their failure to comply with the directions contained in the judgment.

The counsel for plaintiffs urges that this is their remedy, and cites the court to section 756 of the Judiciary Law (Consol. Laws 1909, c. 30) in support thereof.

There is no absolute or unqualified direction in the judgment that the defendants shall receive and accept the deed, as it is also provided that, if they should refuse to do so, the deed shall be filed with the clerk of the court, and that upon such delivery or filing the defendants shall pay the amount of the judgment, and that plaintiffs shall have execution therefor. The affidavit states that the deed was tendered and a demand made for payment of the judgment, which defendants refused because they did not have the sum of $1,350 to pay for the property.

We do not understand that plaintiffs' counsel seeks to punish the defendants on account of their refusal to receive the deed, but rather because of their refusal to receive and accept it, and pay the money as directed in the judgment. Besides, the direction is in the alternative, that the deed shall be filed in case of such refusal to accept. The only remedy provided for the collection of a sum of money directed to be paid by judgment is by the issuing of an execution therefor, and that is just what this judgment provides. Section 753, Judiciary Law, subd. 3; Code of Civil Procedure, §§ 1240, 1241. In an action for specific performance, the judgment directed defendant to accept the deed tendered, pay a certain sum of the purchase price, and execute a bond and mortgage for the balance. It was held that defendant could not be punished as for contempt in refusing to pay the money, not only for a refusal to execute the bond, etc., which he was willing to do; that the only remedy was to issue execution on the judgment for collection of the money directed to be paid. Kittel v. Stueve, 11 Misc. Rep. 279, 32 N. Y. Supp. 272; affirmed, 146 N. Y. 380, 41 N. E. 89. This decision has never been doubted or questioned; and it is cited in Potter v. Rossiter, 109 App. Div. 36, 95 N. Y. Supp. 1036.

The motion for an order directing that the defendants be punished must be denied.

Motion denied, with $10 costs of motion.