THE PEOPLE OF THE STATE OF NEW YORK ex rel. LILLIE MAE HOLT, Respondent, *v.* LILLIAN LAMBERT, Warden of the County Jail, New York County, and Others, Appellants.*

First Department, December 9, 1932.

* Motion to dismiss appeal denied, 261 N. Y. 695; affd., 262 id. ——.

*Rudolph Stand* of counsel [*Dicran Simsarian*, attorney] for the appellants.

*Nathaniel Ellenbogen*, for the respondent.

O'MALLEY, J. The relator's discharge from custody on the writ of habeas corpus, so far as we are able to determine in the absence of an opinion at Special Term, was predicated upon the grounds: (1) That the judgment secured against her in the Municipal Court was not one on which a body execution could issue, or (2) that the provision in the judgment rendering the relator liable to arrest and imprisonment was inserted by the clerk without the authority of the trial justice.

Assuming without conceding that either or both of these facts have been established, we are still of the opinion that the relator's discharge was unwarranted. The judgment granted against the relator contained a provision that " the plaintiff have execution against the person of the defendant, Lillie Mae Holt." After execution was returned unsatisfied the relator moved for an order vacating the judgment as entered or, in the alternative, striking therefrom the provision " defendant liable to arrest and imprisonment on execution." The motion was based upon the ground that the plaintiff in the Municipal Court action was not a wage-earner within the purview of section 139 of the Municipal Court Code; and that the decision on plaintiff's motion for a body execution made at the end of the trial had been denied. Accordingly it was urged that the judgment entered erroneously contained a provision rendering the defendant liable to arrest and imprisonment. The minutes of the Municipal Court trial submitted upon this appeal disclose, not that the motion had been denied, but that decision thereon had been reserved.

Relator's motion for an order vacating the judgment or, in the alternative, eliminating therefrom the provision authorizing the

defendant's (relator's) arrest and imprisonment, was denied by the trial justice before whom the case was tried. Subsequently an execution against the person of the relator was issued and she was taken into custody. She thereupon secured the writ of habeas corpus which resulted in her discharge.

It is manifest that the relator has mistaken her remedy. A writ of habeas corpus may not be used to review a judgment which is sought to be attacked upon the ground of error of law or irregularity. Here, the Municipal Court had jurisdiction of the person of the defendant and of the action. Its decision construed section 139 of the Municipal Court Code as authorizing a body execution upon the facts presented at the trial. If the decision was erroneous the error could be corrected only by appeal and not by writ of habeas corpus. (*People ex rel. Price* v. *Hayes*, 151 App. Div. 561; *People ex rel. Strohsahl* v. *Strohsahl*, 221 id. 86; *People ex rel. Frank* v. *McCann*, 227 id. 57; *People ex rel. Rosen* v. *Warden of City Prison*, 234 id. 349.)

However, if it be assumed that there was a question with respect to the court's jurisdiction, issues with respect thereto were raised by the relator's motion, whereby she sought to have the judgment vacated or the provision with respect to her liability to arrest and imprisonment eliminated. These issues were decided against her by reason of the court's denial of her motion. While it is true as a general rule that lack of jurisdiction to render a particular judgment is always open to question under a writ of habeas corpus, there is a well-recognized exception to such rule, and that is, where the question of jurisdiction has already been litigated. As said in *O'Donoghue* v. *Boies* (159 N. Y. 87, 99): " There is but one solitary exception to this rule, and that is in a case where jurisdiction depends on a fact that is litigated in a suit and is adjudged in favor of the party who avers jurisdiction. Then the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding."

It follows that the order should be reversed, the writ dismissed, and the relator remanded.

FINCH, P. J., MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Order reversed, the writ dismissed, and the relator remanded to custody.