ALEXANDER HENNIG and Another, Respondents, v. JOHN J. ABRAHAMS, Appellant, and ALFRED H. LIGHT, Defendant.— Order denying motion to revoke an order made the 24th day of July, 1934, an order to commit and a warrant issued pursuant thereto, made the 7th day of November, 1934, and an order to commit and a warrant issued pursuant thereto, made the 7th day of January, 1935, and to restrain plaintiffs from enforcing a warrant of commitment to incarcerate

defendant Abrahams reversed on the law and the facts, without costs, and motion granted to the extent of revoking the order and commitment made the 7th day of January, 1935, without costs. We are of opinion that the judgment may be enforced by means of execution and that, therefore, contempt proceedings will not lie despite the direction contained in the judgment to pay over the sum in question. (*Marlee, Inc.,* v. *Bittar,* 257 N. Y. 240; *S. & N. Trading Corp.* v. *Amazon Building Corp.,* 236 App. Div. 739; *People ex rel. Sarlay* v. *Pope,* 230 id. 649; *Nelson* v. *Hirsch,* 240 id. 983.) The adjudication that appellant is a trustee does not furnish a basis for contempt proceedings as he is not directed to pay the fund into court or to an officer of the court in accordance with subdivision 4 of section 505 of the Civil Practice Act, but was simply an adjudication obtained by plaintiffs for their own benefit. (*Gildersleeve* v. *Lester,* 68 Hun, 535; affd., on this opinion, 139 N. Y. 608; *Harris* v. *Elliott,* 163 id. 269.) The declaration in the judgment that it might be so enforced by contempt proceedings relates to a means of enforcement rather than an adjudication and is a nullity. Although no appeal was taken from the order of the 24th day of July, 1934, that order was abandoned upon the filing of the appearance bond which it prescribed would stay issuance of a warrant of commitment. The order of the 7th day of January, 1935, was made *ex parte* and was not made in reliance upon the previous order. The judgment did not support it and the application to revoke it should have been granted. Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Davis, J., dissents and votes to affirm.