THE PEOPLE OF THE STATE OF NEW YORK ex rel. NATHAN BELLOVIN, Respondent, v. SHERIFF OF KINGS COUNTY and/or PATRICK J. DIAMOND, Warden of the Civil Prison, Brooklyn, New York, Having the Custody of NATHAN BELLOVIN, Respondents, and SAM MILRUTH and Another, Appellants.— Order sustaining a writ of habeas corpus and discharging the relator from the Raymond Street, Brooklyn, Civil Prison, affirmed, with ten dollars costs and disbursements against the appellants. The judgment roll in the action of Milruth and Geltner against the relator, which was submitted to the court on the argument of this appeal, along with the printed papers, shows that said action was for a partnership accounting, and the judgment therein fixes the amounts due the plaintiffs by the relator as their respective shares of partnership assets received by the relator in the course of the partnership business, and decrees the payment of said amounts by him to the plaintiffs in said action. In our opinion, the court was without power to adjudge the relator in contempt of court or to commit him to jail for his failure to pay such moneys to the plaintiffs as directed, the judgment being enforcible by execution only. (Civ. Prac. Act, §§ 504 and 505; Judiciary Law, § 753; *Wasserman* v. *Lupis*, 223 App. Div. 773; *People ex rel. Sarlay* v. *Pope*, 230 id. 649.) Lazansky,

P. J., Scudder and Tompkins, JJ., concur; Davis and Johnston, JJ., dissent and vote for reversal with the following memorandum: The order of commitment was regular on its face and imports jurisdiction in the court. Even if we consider the judgment as being before us on this appeal, it appears that the defendant (the relator here) was held liable as a fiduciary and subject to punishment by contempt proceedings on his failure to pay over the money to the plaintiffs as directed by the judgment. It does not appear that this judgment was before the court at Special Term. If there were errors of law in the judgment, the remedy of the defendant was by an appeal therefrom. Habeas corpus is not a writ of review, where another remedy is afforded. (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46; *People ex rel. Doyle* v. *Atwell,* 232 id. 96; *People ex rel. Holt* v. *Lambert,* 237 App. Div. 39; affd., 262 N. Y. 511.) It is only where there is absence of jurisdiction in the court as to the person of the relator or the subject-matter, as disclosed on the face of the order of commitment or by the entire record, that the writ of habeas corpus is available to relieve a party from the terms of the judgment. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559.)