SONIA L. ROBINS, an Infant, by LOUISE ROBINS, Her Guardian ad Litem, Plaintiff, *v.* BERNARD L. ROBINS, Defendant.

Supreme Court, Special Term, New York County, January 10, 1941.

*Milo O. Bennett*, for the plaintiff.

No appearance for the defendant.

EDER, J. This is a motion to punish the defendant for an alleged contempt of court for failure and neglect to comply with a final judgment of this court directing specific performance of a contract between the plaintiff's mother, Louise Robins, and her father, the defendant herein, which contract was made, among other things, for the benefit of the plaintiff and to provide for her support and education, not only during her minority, but by reason of plaintiff's dependence due to a permanent physical affliction, for as long a period as she should live with her mother. The motion also seeks to punish the defendant for contempt for non-payment of the costs of the action.

The defendant has defaulted on this motion, but this is of no moment. As said in *Kane* v. *Rose* (87 App. Div. 101; affd., 177 N. Y. 557), " this court will not presume that any of its members will do that which is unlawful when called upon to act judicially." The point of concern is whether power is vested in this court to enforce compliance with the judgment by contempt proceedings Reference is made to the interlocutory judgment to aid and support the application herein, but it cannot be availed of for the reason that an interlocutory judgment is not a judgment at all (*Webb* v. *Buckelew*, 82 N. Y. 555, 560; *Kaufman* v. *Provident Savings Bank & Trust Co.*, 23 N. Y. Supp. [2d] 637, 642) and for the further reason that it is the violation of final judgment that is made and must be the basis of this motion. In *Potter* v. *Rossiter* (109 App. Div. 35) it was held that an interlocutory judgment in an action on contract for the payment of money, though not enforcible by execution until rendition of the final judgment, is not enforcible by contempt proceedings.

The final judgment awards plaintiff specific performance to the extent only that the defendant is directed to pay to the plaintiff a sum of money, to wit, $1,150, as the proportion of arrearages " due under the contract between said Louise Robins and the defendant Bernard L. Robins, made the 15th day of December, 1939, payable for the benefit of the plaintiff;" it also directs the defendant to make weekly payments " due and to become due under the contract " and awards plaintiff a judgment for costs and disbursements in the sum of $127.60.

I am of the opinion that the aforementioned judgment for specific performance cannot be enforced by contempt proceedings. This is not a matrimonial action, nor does it involve any fiduciary relationship, nor any fraud; it involves a simple breach of contract and nothing more. Plaintiff as the beneficiary under this contract brought this action; she could as well have brought an action at law and upon recovering judgment could issue execution thereupon. The fact that plaintiff preferred to sue in equity, for specific performance, does not change the remedy as to enforcement, in consequence, from that of execution to that of contempt.

As to the enforcement of the judgment for costs, plaintiff's sole remedy is to resort to execution against the property of the defendant; there can be no imprisonment for non-payment of costs. Section 20 of the Civil Rights Law provides: " A person shall not be arrested or imprisoned, for the non-payment of costs, awarded otherwise than by a final judgment, or a final order, made in a special proceeding instituted by state writ, except where an attorney, counselor, or other officer of the court, is ordered to pay costs for

misconduct as such, or a witness is ordered to pay costs on an attachment for non-attendance." The payment of costs can only be enforced by execution and not by means of punishment as for a contempt of court.

As to the enforcement of the judgment, there cannot be, in such a case as this, an imprisonment for non-payment of money pursuant to a judgment or order requiring money due upon a contract. Section 21 of the Civil Rights Law provides: " Except in a case where it is otherwise specially prescribed by law, a person shall not be arrested or imprisoned for disobedience to a judgment or order, requiring the payment of money due upon a contract, express or implied, or as damages for non-performance of a contract."

Section 753 of the Judiciary Law, dealing with contempts punishable civilly, empowers this court to punish for contempt " A party to the action or special proceeding   *   *   *   for the non-payment of a sum of money, ordered or adjudged by the court to be paid, in a case where by law execution cannot be awarded for the collection of such sum." In the construction of this section it has been held that the court is without power to adjudge a partner in contempt for not paying moneys to copartners pursuant to a judgment in an action for a partnership accounting, the judgment being enforcible only by execution. (*People ex rel. Bellovin* v. *Sheriff of Kings County*, 246 App. Div. 623; affd., 270 N. Y. 631.) In *Hennig* v. *Abrahams* (246 App. Div. 621; affd., 270 N. Y. 626) it was held that contempt proceedings will not lie to enforce the judgment, despite directions contained therein to pay over a particular sum, where the judgment is enforcible by execution. In *Coffin* v. *Coffin* (161 App. Div 215) the judgment or order provided as follows " Ordered, that the plaintiff is entitled to judgment against the defendant, directing her to pay to the plaintiff or his attorneys within five days after service of a copy of this judgment   *   *   * the sum of   *   *   *   $8,491.22." It was held that it was enforcible by execution and hence a failure by the defendant to comply with such direction of the court cannot be punished as a contempt.

This is unlike a case where the money is directed to be paid into court — a provision which could not be enforced by execution, or where restitution to the court is ordered of money paid out of court; it is the ordinary case directing the payment of money to a party which can only be enforced by execution. (*General Electric Co.* v *Sire*, 88 App. Div. 498; *Kane* v. *Rose, supra*.) In *Weissenburger* v. *Williams* (81 Misc. 397), an action for specific performance, the court said: " The only remedy provided for the collection of a sum of money directed to be paid by judgment is by the issuing of an execution therefor."

It is my opinion, in view of the restraints imposed by these statutes, that the judgment herein can only be enforced by execution against the property of the defendant as the sole remedy and that contempt proceedings will not lie despite the direction contained in the judgment to make the payments. (*Hennig* v. *Abrahams*, *supra.*)

The motion must, therefore, be denied.