Donald S. Taylor, J.
The motion is to punish the defendant Dominger and his attorneys for contempt of court for their failure to comply with the provisions of an order of this court which reads as follows :
“ Obdebed that the defendant Anthony Dominger, and his attorneys, Block & Greene, Esqs., of 271 North Avenue, New Rochelle, New York, be, and they hereby are, severally directed to pay to Goldstein & Goldstein, Esqs., as attorneys for the plaintiffs, Sol Trub and Isidore Ashendorff, within five days after service upon them of a copy of this order with notice of entry, the sum of $500 to be applied on account of the stipulation of settlement made in this action; and it is further
“ Obdebed that the plaintiff, Sol Trub, residing at 150-44 72nd Ro'ad, Flushing 67, New York, and the plaintiff, Isidore Ashendorff, residing at 1171 Elder Avenue, Bronx, New York, do recover judgment against the defendant, Anthony Dominger, residing at 55 Drake Avenue, New Rochelle, New York, judgment for the sum of $650 together with $166.25 costs to be taxed by the Clerk of the Supreme Court, making a total of $816.25, and that ¡said plaintiffs have execution therefor.”
The order was founded on a stipulation of the parties made at Trial Term in settlement of a negligence action. An analysis of this instrument indicates that in usual form the codefendant Dominger agreed to pay the consideration of the settlement of the litigation to the attorneys for the plaintiffs in two installments, the first of which in the sum of $500 was due within seven days of the date of the stipulation and the balance of which in the sum of $250 was to be paid on March 15, 1958 at which time general releases were to be furnished that defendant by the plaintiffs. The stipulation further provided that “ In the event the said Anthony Dominger shall fail, refuse or omit to make either of the aforesaid payments within the time or in the manner above specified then, and in that event, upon proof by affidavit that a letter has been forwarded to the attorneys for s'aid Anthony Dominger that the last pay *988 ment has not been made, after the expiration of five days an order may be ¡submitted to this Court providing for the entry of judgment for so much of the said amount of $1150.00 [noncompliance with the stipulation imposed an additional penalty of $400.00] as has not been paid by said Anthony Dominger giving him credit for .the amount, if any, that may have been paid together with the costs of this action.”
The failure of the defendant Dominger to acquit the obligations of his stipulation does not constitute a contempt under -section 753 of the Judiciary Law since payment of the- settlement amount may be enforced by execution after the entry of judgment in accordance with its precise terms. In fact this procedure the plaintiffs have, in part, adopted. (Hennig v. Abrahams, 246 App. Div. 621, affd. 270 N. Y. 626; Matter of Cohen v. Cohen, 252 App. Div. 885.) His attorneys, simply by making the stipulation in his behalf, incurred no responsibility upon which a charge of contempt could be based. (Bachman v. Harrington, 184 N. Y. 458; People ex rel. Lower v. Donovan, 135 N. Y. 76; cf. People ex rel. Cauffman v. Van Buren, 136 N. Y. 252; Matter of S. M. & J. Eisenstadt, Inc., v. Heffernan, 256 App. Div. 488, affd. 283 N. Y. 578.)
Accordingly, the motion is in all respects denied.
Submit order.