■ EIDUSON FUEL & HARDWARE Co., Respondent, v DEAN A. DREW, Appellant.—Order unanimously reversed, without costs and matter remitted to Erie County Court for further proceedings in accordance with the following memorandum: Respondent-appellant, an attorney, appeals from an order directing him to turn over to the Sheriff of Erie County a stock certificate belonging to his clients, upon which he claims an attorney's retaining lien. The Sheriff seeks to attach the stock to satisfy a judgment owed by the clients to petitioner. The certificate for 100 shares of stock in 400 Kenmore Ave., Inc., in the names of Arthur and Elizabeth Barry, respondent's clients, represents all of the stock in a corporation which owns a small shopping plaza. Petitioner obtained the judgment, which is unsatisfied, against Arthur Barry in Buffalo City Court. The sum of $1,794.73 remains unpaid. Although the basis for the relief sought by petitioner is not set forth, we will treat the proceeding as one brought in Erie County Court pursuant to CPLR 5221 (subd [a]) and CPLR 5225 (subd [b]) which authorize proceedings to compel delivery of a judgment debtor's property in the hands of a third person. (See, also, Uniform Commercial Code, § 8-317, dealing with the attachment or levy upon a security.) From the record it appears that Arthur and Elizabeth Barry neither participated in the proceeding nor consented to the court's order. There is no showing that Arthur Barry, the judgment debtor, was properly served with notice of the proceeding as required by the statute. (CPLR 5225, subd [b], states in part: "Notice of the proceeding shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested. The court may permit the judgment debtor to intervene in the proceeding.") The failure of petitioner to join the judgment debtor was apparently not raised below. Appellant's affidavit sets forth only a conclusory statement to the effect that his clients owe him $16,000, and omits any detail as to the nature and extent of the legal services performed, whether a bill was ever rendered, and whether his clients have agreed to the amount. An attorney's retaining lien, unlike a statutory or charging lien pursuant to section 475 of the Judiciary Law, depends solely upon the attorney's physical possession of the client's property. When the attorney is divested of the property he loses his lien *(Robinson v Rogers,* 237 NY 467; *Matter of Sebring,* 238 App Div 281). Furthermore, as contradistinguished from the statutory lien, there is no recognized or established mechanism for the foreclosure or enforcement of the retaining lien (3 NY Jur, Attorney and Client § 133). Thus, the order appealed from would deprive respondent of his only security and leave him with no remedy other than a plenary suit for the collection of his fee. In some cases, where the continued retention of the client's property by the attorney is unfair or works a hardship, courts, in the exercise of their equity powers, have required the attorney to give up his retaining lien and turn

over the property upon condition that proper security be posted to secure the payment of the fee. (See, particularly, *Goldman v Rafel Estates*, 269 App Div 647, where the court modified the order directing that proper security be posted, and remitted the matter for a determination of the amount of the security based on proof as to the value and extent of the services; see, also, *Leviten v Sandbank*, 291 NY 352; *Robinson v Rogers, supra).* The order is reversed and the proceeding remitted to County Court for the purpose of entertaining the appropriate motion by petitioner to add Arthur and Elizabeth Barry as parties pursuant to CPLR 5225 (subd [b]), if petitioner is so minded, or for the appropriate motion to dismiss if said parties are not so added. Thereafter, if said parties are properly before it, the court should conduct a hearing to determine, in the light of all of the circumstances, equities and conflicting interests of the parties, whether the stock should be delivered to the Sheriff and if so, what conditions should be imposed to protect the rights of respondent-appellant. If, in the exercise of its discretion, the court should order delivery of the certificate upon the posting of security, as in *Goldman (supra),* it must decide who will post the security and also establish the amount thereof by making some assessment of the nature and extent of the legal services performed. (Appeal from order of Erie County Court—delivery of stock certificate.) Present—Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.