■ OIL CITY PETROLEUM CO., INC., Respondent, v FABAC REALTY CORP. et al., Appellants.—Judgment of the Supreme Court, Bronx County, entered July 10, 1978, granting petition for turnover relief pursuant to CPLR 5225 and 5227 and requiring appellant Bharat Apartments, Inc., to pay from its rent rolls of two properties the sum of $26,894.75, with interest, from November 5, 1976, together with costs and disbursements, unanimously reversed, on the law, and the petition dismissed, with costs and disbursements, and without prejudice to an appropriate proceeding to enforce such lien as petitioner has against the said properties. In this proceeding commenced under CPLR 5225 and 5227 as a method of enforcing a judgment obtained against appellant's predecessor in title, appellant was directed to turn over an amount sufficient to satisfy the judgment. The order to show cause containing the notice of proceeding required service to be made upon both the judgment debtor and appellant by personal delivery. CPLR 5225 and 5227 require that notice of the proceeding be served upon the judgment debtor "in the same manner as a summons or by registered or certified mail, return receipt requested." No service as provided in the order to show cause or in the afore-mentioned sections of the statute was made upon the judgment debtor. The failure to effect such service is not a mere procedural irregularity but rather renders the proceeding jurisdictionally defective (see *Eiduson Fuel & Hardware Co. v Drew,* 59 AD2d 1025; CPLR 304). Furthermore, future rents are not leviable or attachable under CPLR 5225 and 5227. They do not constitute tangible personal property (CPLR 5225) or a debt certain to become due *(Glassman v Hyder,* 23 NY2d 354, 358, 359; CPLR 5227). Concur—Birns, J. P., Fein, Sullivan, Markewich and Silverman, JJ.