*854 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The petition for turnover relief pursuant to CPLR 5225 and CPLR 5227 was properly dismissed. These sections authorize a special proceeding to be commenced by the judgment creditor against "a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or * * * a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor’s rights to the property are superior to those of the transferee” (CPLR 5225, subd [b]), or "any person who it is shown is or will become indebted to the judgment debtor” (CPLR 5227). Here, none of these situations is present.
The record reveals that respondent Bharat Apartments purchased two parcels of realty from the judgment debtor prior to the commencement of this proceeding. There is no allegation that any part of the purchase price is still owing from Bharat to the judgment debtor, nor is there any evidence in the record that the judgment debtor assigned any leasehold interest it may have had to Bharat. In short, it appears that the judgment debtor divested itself completely of all interest in the properties and, under these circumstances, it cannot be said that the judgment debtor retained any interest whatsoever in the rents coming due Bharat. For this reason alone, the petition must be dismissed inasmuch as a turnover proceeding pursuant to CPLR 5225 and CPLR 5227 simply does not lie.
In light of our disposition, we need not address the other points raised by the parties.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.