■ In the Matter of MDJ 20TH STREET LLC, Respondent, v STANLEY PICHENY et al., Appellants. [837 NYS2d 69]—

Order, Supreme Court, New York County (Louis B. York, J.),

entered November 8, 2006, which referred the subject of this property turnover proceeding to a referee and held in abeyance respondents' cross motion to dismiss pending receipt of the referee's report and recommendations, unanimously reversed, on the law, with costs, the cross motion granted and the proceeding dismissed.

Petitioner is a judgment creditor of nonparty Robert Shapiro, and commenced this CPLR article 52 proceeding against respondents, who were allegedly in possession of property in which the judgment debtor has an interest. On April 3, 2006, the judgment debtor assigned to petitioner "all [his] interests, if any," in the real property here at issue, and in "any entity which may have an interest in said properties," as well as in any obligations of such properties and entities to him. Although petitioner contends that the assignment extinguished only the rights the judgment debtor may have had with respect to four limited liability companies, the language of the assignment is not so restricted. The assignment specifically refers to "any entity" that may have an interest in the real property. Given the manner in which the business venture was set up, all the respondents, including Manhattan Property Investors Group (MPIG) and its sole remaining owner, Picheny, have an interest in the real property. Pursuant to a business termination agreement entered into on December 1, 2005 among MPIG, Picheny and Shapiro, the latter retained no direct remaining interest in the real property at issue, or in any entity which may have an interest in said properties. All that appears to have survived this agreement is the obligation of MPIG and Picheny to pay Shapiro his portion of th proceeds of sales of the real property; Shapiro's right to have MPIG and Picheny pay him his portion of the proceeds was part of the assignment to petitioner.

Once petitioner's demand that MPIG and Picheny pay it proceeds of the sale of the real property at issue was rejected, petitioner's remedy was to seek enforcement of its rights under the assignment. After the assignment, Shapiro, the judgment debtor, no longer had any interest in the proceeds, nor was he owed any money from MPIG or Picheny. Accordingly, there was no basis for an article 52 proceeding, and respondents' cross motion to dismiss should have been granted (*see Oil City Petroleum Co. v Fabac Realty Corp.*, 50 NY2d 853 [1980]). Concur—Friedman, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.