■ BANCO POPULAR NORTH AMERICA, Respondent, v PHILIAN DESIGNS LLC, Appellant. [852 NYS2d 109]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 11, 2007, awarding petitioner the principal sum of $500,000, unanimously reversed, on the law, with costs, the judgment vacated and the matter remanded for further proceedings consistent herewith. Appeal from order, same court and Justice, entered April 23, 2007, which, upon renewal and reargument of prior order granting the petition and denying the cross motion to dismiss the petition, adhered to its determination, unanimously dismissed as subsumed in appeal from the judgment.

In an unrelated action, petitioner was issued an order of attachment against the property of certain debtors. In the instant proceeding, brought pursuant to CPLR 6214 (d), petitioner alleges that respondent was served with a copy of said order of attachment but failed to furnish a garnishee statement as required by CPLR 6219.

Notice of this special proceeding was required by statute to be served upon the debtor defendants and the sheriff (CPLR 6214 [d]). As it is undisputed that such notice was not served, the proceeding is jurisdictionally defective (*see Oil City Petroleum Co. v Fabac Realty Corp.*, 70 AD2d 859 [1979], *affd* 50 NY2d 853 [1980]). The jurisdictional defect went to subject matter (*see Nomikos [London] Ltd. v Petroutsis*, 186 Misc 710, 715 [1946]), and thus could not be waived (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721 [1989]). Accordingly, petitioner is directed to cure the defect by serving all necessary and required parties with notice of the proceeding.

Were we not vacating the judgment on jurisdictional grounds, we would vacate it as premature, given the existence of issues of fact concerning respondent's possession of property subject to attachment, the value of any such property, whether respondent served a garnishee statement, and whether respondent was the party served with the order of attachment. Concur—Lippman, P.J., Friedman, Williams and Acosta, JJ.