■ BUCKEYE RETIREMENT CO., LLC, LTD., Appellant, v JOHN M. QUATTROCCHI, Respondent. [888 NYS2d 430]—

In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated September 23, 2008, which denied its unopposed motion pursuant to CPLR 5225 (a) to compel the defendant to turn over to the Sheriff certain personal property in his possession.

Ordered that the order is affirmed, without costs or disbursements.

CPLR 5225 (a) requires that notice of a motion to compel the turn over of personal property "shall be served on the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested" (CPLR 5225 [a]). The plaintiff's affidavit of service revealed that the judgment debtor was served by regular mail, rather than by a method set forth in CPLR 5225 (a). The failure to properly serve notice upon the defendant of the plaintiff's motion pursuant to CPLR 5225 (a) to compel the defendant to turn over to the Sheriff certain personal property in his possession deprived the court of jurisdiction to entertain the motion (*see Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]; *Daulat v Helms Bros., Inc.*, 32 AD3d 410, 411 [2006]; *Golden v Golden*, 128 AD2d 672, 673 [1987]; *see also Banco Popular N. Am. v Philian Designs LLC*, 48 AD3d 368, 369 [2008]; *Oil City Petroleum Co. v Fabac Realty Corp.*, 70 AD2d 859 [1979], *affd on other grounds* 50 NY2d 853 [1980]). Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 5225 (a). Fisher, J.P., Florio, Angiolillo, Eng and Roman, JJ., concur.