Matter of First Am. Tit. Ins. Co. v Cohen (2018 NY Slip Op 05306)





Matter of First Am. Tit. Ins. Co. v Cohen


2018 NY Slip Op 05306


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-05455
 (Index No. 51413/15)

[*1]In the Matter of First American Title Insurance Company, respondent, 
v
Jay Cohen, appellant.


Samuel L. Newman, Tuxedo, NY, for appellant.
Belowich & Walsh LLP, White Plains, NY (Daniel G. Walsh and Kerry Ford Cunningham of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR 5225 to compel the turnover of property owed to a judgment debtor, Jay Cohen appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 7, 2016. The order granted the petitioner's motion to hold Jay Cohen in civil contempt of an order of the same court dated July 6, 2015.
ORDERED that the order dated April 7, 2016, is reversed, on the law, with costs, and the petitioner's motion to hold Jay Cohen in civil contempt for failure to comply with the order dated July 6, 2015, is denied.
On August 30, 2004, the petitioner's predecessor obtained a default judgment in the Supreme Court, Westchester County, against, among others, Jay Schwartz and Lorraine Schwartz (hereinafter together the Schwartzes), in the principal sum of $32,177.56. The petitioner commenced an action on the judgment pursuant to CPLR 5014, and obtained a renewal judgment dated September 29, 2014. In 2015, the petitioner commenced this proceeding pursuant to CPLR 5225 to direct Jay Cohen, a tenant in possession of residential property owned by the Schwartzes, to pay his monthly rent directly to the petitioner for purposes of satisfying the renewal judgment. Cohen's lease with the Schwartzes was for a period of one year, commencing August 1, 2014. The lease provided that it "shall automatically renew for month to month unless terminated by either party in writing." In an order dated July 6, 2015, the Supreme Court granted the petition and directed Cohen to "pay rent to petitioner as due under the lease." The order also provided that the Schwartzes, who were not named as parties to this special proceeding, "are restrained from taking any action to terminate [the] lease or otherwise alter the obligations under [the] lease so long as [Cohen] makes [*2]timely rental payments to petitioner."
On July 24, 2015, Jay Schwartz notified Cohen by letter, text message, and email that his lease for the premises would expire at midnight on July 31, 2015, and that the lease would not be renewed, and advised him to vacate the premises. Beginning in August 2015, Cohen purportedly failed to make any further rent payments, and the petitioner moved to hold Cohen in civil contempt of the July 6, 2015, order. Cohen opposed the motion arguing, inter alia, that his lease with the Schwartzes had expired and, in effect, that the premises were not habitable. Cohen also claimed that he was awaiting the appointment of a receiver so that he could negotiate a lease renewal and seek offsets to his rent based upon the condition of the property and the expenses he incurred in order to make the premises habitable. While the motion was pending, by order dated December 7, 2015, the Supreme Court appointed the petitioner's attorneys, Belowich & Walsh, LLP, as receiver of the subject property with the power to, inter alia, collect unpaid rents from current tenants in possession of the premises. By order dated April 7, 2016, the Supreme Court granted the petitioner's motion, held Cohen in contempt, and directed Cohen to purge his contempt by paying all outstanding rent due within 30 days. The order provided that, if Cohen failed to purge his contempt, the petitioner could make an application for a warrant directing the sheriff to arrest Cohen "and bring him before this Court to be committed or for such further disposition as the Court shall direct."
Cohen appeals, arguing that the July 6, 2015, order was not clear and unequivocal, and that the Supreme Court erred in failing to consider claims he raised about the habitability of the premises.
To support a finding of civil contempt, first, "it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect" (Matter of McCormick v Axelrod, 59 NY2d 574, 583). Second, "[i]t must appear, with reasonable certainty, that the order has been disobeyed" (id. at 583). Third, "the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party" (id.). "Finally, prejudice to the right of a party to the litigation must be demonstrated" (id.).
Here, the petitioner failed to establish that Cohen disobeyed the July 6, 2015, order, which required him to "pay rent to petitioner as due under the lease" (emphasis added). Jay Schwartz's July 24, 2015, letter to Cohen stating that the lease would not be renewed constituted a valid termination of Cohen's tenancy under the terms of the lease. Notably, the Schwartzes were not made parties to this proceeding and, therefore, the July 6, 2015, order was not binding as to them (see Siegel, NY Practice § 510). Since Cohen's lease with the Schwartzes expired on July 31, 2015, on August 1, 2015, Cohen became a holdover tenant. Damages attributable to Cohen's continued occupation of the premises were not due "under the lease," but rather, were due as use and occupancy for the reasonable value of the premises (see Andejo Corp. v South St. Seaport Ltd. Partnership, 35 AD3d 174, 174; 2641 Concourse Co. v City Univ. of N.Y., 137 Misc 2d 802, 804-805 [Court of Claims], affd 147 AD2d 379). "The obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant" (Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 559). "Rather, an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties" (id. at 559-560 [internal quotation marks omitted]). Accordingly, the motion to hold Cohen in contempt should have been denied.
We note that the parties do not address whether Cohen's future rent payments were leviable pursuant to CPLR 5225(b) (see Glassman v Hyder, 23 NY2d 354, 357-360; Oil City Petroleum Co. v Fabac Realty Corp., 70 AD2d 859, 859, affd 50 NY2d 853), or whether contempt was an appropriate enforcement device to compel the payment of an obligation that was reducable to a money judgment (see CPLR 5104; Judiciary Law § 753[A][3]; People ex rel. Bellovin v Sheriff of Kings County, 246 App Div 623, 623, affd 270 NY 631; see also 54 NY Jur 2d Enforcement and Execution of Judgments § 33).
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court